Hottenstein v. Conrad.

---

## JOHN A. HOTTENSTEIN v. O. W. CONRAD.

1. RECEIVERS; *Appointment; Practice.* The grounds for the appointment of a receiver need not be incorporated into the pleadings. It is enough if the latter disclose a case of the class in which receivers may be appointed, and the special reasons therefor may be set out on a motion.

2. PARTNERSHIP; *Solvency of Party.* The appointment of a receiver of partnership property will not be refused simply because the partner in possession is solvent and able to respond to any judgment that may be rendered against him.

3. ———— *Where Partnership is not established.* If the existence of the partnership be left in doubt by the testimony on the motion, no receiver should be appointed, unless it is shown that there is danger of the loss, destruction, or removal of the property.

4. ———— *Where Partnership is Shown.* Where the fact of a partnership is clearly established, and that the partner in possession excludes his

partner from any control, and refuses any accounting or settlement, then ordinarily a receiver should be appointed.

5. PRACTICE; *Where Court can Inquire it can Determine.* Whatever fact a court may inquire into on a motion, it can also determine, and its determination establishes the fact for all the purposes of the motion.

6. ——— *Answer; Setting Aside Order.* The filing of an answer under oath, denying the partnership, is not of itself necessarily sufficient to compel the setting aside of an order appointing a receiver.

7. CONTINUANCES; *Discretion.* The granting of a continuance is a matter largely in the discretion of the trial court, and where the showing upon which he acted is not preserved in the record, no error can be presumed.

8. REFEREE'S REPORT; *Modifying, etc.; Costs.* Where none of the testimony before a referee is preserved in the record, it is impossible for this court to say that there was any error in the modification by the district court of the report of the referee, as to the question of costs, in a case where the taxation of costs is a matter of discretion.

### *Error from Allen District Court.*

CONRAD brought his action to close up an alleged partnership, and to compel *Hottenstein* to account, etc. Upon his petition, which was verified, and upon affidavits, he moved for and obtained the appointment of a receiver. *Hottenstein* answered, denying the partnership, and he verified his answer. The averments of the pleadings, the motions made and overruled, and the facts, are sufficiently stated in the opinion. The case below was referred to W. A. J., sole referee, and on his report, at the June Term 1870, judgment was entered for the plaintiff. *Hottenstein* brings the case here on error.

*Voss & McComas*, for plaintiff in error:

The referee found for the plaintiff, and adjudged that the cost should be equally divided between the parties. The court approved the report in other respects, but adjudged that the defendant should pay all the costs of the case. We maintain that the court below committed several errors in this record, prejudicial to the substantial rights of the plaintiff in error.

1. It was error to appoint a receiver upon the showing made. A receiver will not be appointed in an *ex parte* case

before default or answer. Edwards on Receivers, pp. 13, 14; 8 Paige's Ch. R., 373. The only exception to this rule is, where it is necessary to make such an appointment provisionally, until the issue of partnership can be settled. The plaintiff below not only failed to bring his case within this exception by proper averments, but it conclusively appeared from the affidavits submitted by the defendant, that the property would be just as safe in his hands as it would be in the hands of a receiver. Upon this point see 8 Paige's Ch. R., 481; 16 Ves., 49; 4 Sandf., 716; Willard's Eq., 332.

2. The court ought to have sustained the motion of Hottenstein to vacate the order appointing said receiver.

3. The court erred in not vacating the order appointing said receiver upon the answer of the defendant.

4. The plaintiff showed no ground for a continuance whatever : see Gen. Stat., 689, code § 317. Yet the effect of that continuance was to make the plaintiff in error pay the "cost" of wintering one hundred and thirty-nine head of cattle.

5. The court finally made the plaintiff in error pay *all* the costs of the suit, though at the preceding term of the court the case had been continued at the costs of the plaintiff. Was this legal?

The opinion of the court was delivered by

BREWER, J.: Defendant in error sued plaintiff in error in the district court for a settlement of partnership affairs. He alleged in his amended petition a partnership, its termination, that defendant (now plaintiff in error) had in his possession certain assets of the partnership, that he refused to account, excluded plaintiff from all control over the property, declined to make any division, or any disposition whereby a settlement of the partnership could be had. The petition was verified. Upon notice and motion, supported by affidavits, a receiver was appointed. A motion to rescind and set aside the order appointing a receiver was overruled, as was also a similar motion made after filing of answer. This answer denied absolutely any partnership, and was also verified.

The cause was continued over one term, over the objection of the defendant, and was then referred. The referee's report found a partnership, and made an accounting between the partners, and division of the assets. It divided the costs. This report was confirmed, except as to the costs, which by the district court were taxed wholly against plaintiff in error.

Five points of alleged error are presented to our notice in the brief of counsel for plaintiff in error: 1st, That it was error to appoint a receiver upon the showing made; 2d, That the appointment should have been set aside upon the motion made therefor, before answer; 3d, It should have been done after answer filed denying under oath the partnership; 4th, It was error to grant the continuance; 5th, That the court ought not to have modified the referee's report as to the question of costs.

I. It is objected that "the petition contains no averment that there was danger that the property would be wasted, or injured, before the answer, or before the trial of the case." Such an averment was entirely unnecessary. The showing of a necessity for a receiver need not be in the petition. The appointment of a receiver is a provisional remedy. It is an auxiliary proceeding. It is not the ultimate end or object of a suit. The statute says, "a receiver may be appointed * * * * in an action," etc. All that the pleadings need disclose is, that the action pending is one of a class in which the statute says a receiver may be appointed. A receiver may be appointed in an action to foreclose a mortgage, if the mortgaged property be probably insufficient to discharge the mortgage-debt. In such case all that the petition need contain are the ordinary averments for the foreclosure of a mortgage. The relation of the value of the mortgaged property to the mortgage-debt may be shown by affidavits, on a motion for a receiver. The motion may succeed or fail, and yet in nowise affect the pending suit. It bears no closer relation to the suit than attachment in an action on a promissory note does to such action. In this case the petition disclosed an unsettled

1. Appointment of receiver.

partnership between the parties, and partnership property in the hands of defendant, and an exclusion of plaintiff from any control thereof. It presented an action therefore in which upon proper showing a receiver might be appointed. Code, § 254, clause 1, Gen. Stat., 677.

II. Upon the affidavits presented on both sides it is claimed that it appeared that the property would be safe in the hands of the defendant, and therefore the appointment of a receiver should have been set aside. It appears very plainly from the affidavits that there was a partnership; that defendant had possession of all, or nearly all, the assets, and that he was disposed to deny the partnership and appropriate the partner-2. Solvency of ship property. In regard to defendant's financial defendant. condition we find little or no information. Three citizens of Humboldt testify that in their judgment it was good. The bulk of the partnership property consisted of cattle, and two witnesses testified that the cattle were herded at Hottenstein's place, at the time of the appointment of the receiver, and were in good condition, and not liable to waste. We do not think this testimony justifies the conclusion claimed by counsel. It does not necessarily follow, because the partner in possession is solvent, that no receiver will be appointed. In fact, the question of solvency may or may not become material. Receivers may now be appointed (see clause sixth of section of code heretofore cited,) "in all cases where receivers have heretofore been appointed by the usages of the courts of equity." Where the testimony leaves the existence of a part-3. Receivers, nership in doubt, and there is no proof of the where partner-ship not insolvency of a party in possession, a court of established. equity will not interfere to take the property out of his hands and give it to a receiver: *Goulding v. Bain*, 4 Sandf., 716; *Peacock v. Peacock*, 16 Ves., 49. But the former case shows that where a partnership is established, and the defendant in possession excludes plaintiff from any control, a receiver should be appointed, and this without any regard to the solvency of defendant. The court say: "When the partnership is admitted, and one partner ejects another, or

assumes the exclusive control of the property, and they cannot mutually agree as to their respective rights, a court of equity will interfere and appoint an indifferent person as receiver to wind up the partnership, and pay the debts, and distribute the balance among the partners. But to authorize the appointment of a receiver there must be a partnership admitted or established." In that case there was a large amount of testimony by affidavits, *pro* and *con*, on the question of partnership, leaving its existence a matter of great doubt, and the language of the court must be understood in reference to those facts. Obviously, there is great propriety in the rule thus laid down; for if no partnership did exist, it would be great hardship to have one's individual property placed in the hands of a receiver, and individual business broken up. So that when the question of "partnership" is doubtful, the property should not be disturbed, unless it appear that defendant is insolvent, and that there is great danger of loss, removal, or injury. But

4. In cases where partnership is shown. on the other hand, where the partnership is *clearly shown,* if the partner injured and deprived of possession seeks to have the property placed in the hands of a disinterested person as receiver, the wrongdoer, in possession, and denying his partner's rights, has little standing in court to object. "A receiver will be appointed where any of the partners seek to exclude another from taking that part in the concern which he is entitled to have, and this applies as well to a period when the ordinary course of trade is going on, as to the time of winding up the affairs after the termination of the partnership." Edwards on Receivers in Eq., 329; *Wilson v. Greenwood,* 1 Swanst., 481; *Williamson v. Wilson,* 1 Bland Ch., 418; *Const v. Harris,* 1 Turn. & Russ., 496; *Gardner v. Trustees of Canojoharie,* 2 Barb., 625. It would be opening the door to a great deal of wrong to hold, that by simply denying the existence of a partnership a party in possession of large amounts of partnership property could hold that possession until, after the delay of a suit, the verdict of a jury had established the partnership. It would often result in real victory to the wrongdoer. A court having the right

to hear testimony as to a fact, upon a motion, has a right to find as to the existence of that fact. Wherever an application for a receiver in a partnership case is made, the court has to hear some testimony as to the existence of the partnership. Ordinarily, there is on this point no counter testimony; yet the court finds on the testimony presented on the motion that there was a partnership. Without such finding it could not appoint a receiver. Having power to make such a finding, that power is not taken away by the introduction of counter testimony. It must still find as to the fact. If there be much contradiction in the testimony, it may require proof of additional facts, such as the insolvency of the defendant, before making any appointment. But still its power to examine the testimony, and determine as to the fact, remains. Whatever a court may examine into on motion, it may also determine. Its determination, for the purposes of the motion, establishes the fact.

III. After answer was filed denying under oath the partnership, a motion was again made to set aside the order appointing a receiver. This was overruled, and properly so. Verification of the answer was necessary, under the code of 1868, to put in issue the question of partnership. It gave to the answer no greater force than an unverified denial would have had prior to that code. It is still to be regarded only as a pleading, a pleading in the only form in which an issue as to partnership could be raised. But as we have seen, the pleadings simply determine the character of the action. The showing for a receiver is made *aliunde*. True, the verified answer may be used as an affidavit, but then it is to be treated only as an affidavit. It were strange if the effect of a fact demonstrated by abundant testimony could be obviated by simply tendering an issue as to its existence. Our code is not obnoxious to such fault.

IV. "It was error to grant a continuance," say the counsel; but how counsel imagined we were to determine this question, is beyond our conjecture. The grounds for a continuance, to wit, the absence of material witnesses, and a

misunderstanding between counsel, are set forth in the record.

**7. Granting continuances.** No one would for a moment question the sufficiency of one at least of these grounds. What showing was made in support of them we are not informed. It appears that one affidavit, that of J. B. F. Cates, was to be presented. But whether it was in fact presented, or whether other testimony was produced, we are nowhere informed. How then can we say the court erred in granting this continuance? We cannot presume that he granted it without any showing, nor without sufficient showing. We might as well presume that the verdict of a jury was against the weight of evidence, when none of the testimony was before us. Matters of continuance are largely within the discretion of the trial court, and unless that discretion is shown to have been abused, error will not be affirmed.

V. A similar criticism must be passed upon the next and last alleged error. Whether the costs ought to have been apportioned between the parties, or taxed wholly against the defendant, is a question which can be determined only by an **8. Referee's report; power of court; costs.** examination of the testimony. In cases like the present, the court "may award and tax costs, and apportion the same, * * * as in its discretion it may think right and equitable." Code, § 591. None of the testimony before the referee is preserved in the record. How then can we say there was error in taxing all the costs against the defendant? The finding and report of the referee is not conclusive in this matter. It is subject to examination and review by the court. The referee is but an officer of the court, and the court has supervision and control of all its officers, and their proceedings. It can set aside, or confirm, or modify the report of a referee. Here it affirmed the report, except as to the costs, which is a matter entirely separate from the issues in the case, though to a great extent dependent on them. Indeed, it may well be doubted whether the question of costs was passed to the referee under the terms of the reference, which was "the hearing of this cause upon all the issues." But whether within the terms of the reference or not, it was

not so far passed to the referee as to be beyond the reviewing and revising power of the court. No error appearing in this or the other points made by the plaintiff in error, the judgment must be affirmed.

All the Justices concurring.