No. 17,148.

## DAVIS *v.* TAYLOR ET AL.

JURISDICTION.—*Of the Person.— When Presumed.*—Where a court of general jurisdiction (as the circuit court) has jurisdiction of the subject of the action, it will be presumed that jurisdiction of the person was acquired, in the absence of a contrary showing, where the party sought to be concluded was a party to the adjudication.

PLEADING.—*Complaint.—Damages for Loss of Title to Land.— Want of Consideration.—Former Adjudication.*—In an action for damages for loss of title to land without consideration, by conveyance by a commissioner, in pursuance of an order of court, the complaint is insufficient, which discloses that the question of want of consideration was adjudicated in the former action in which the order of conveyance was made. And the judgment, not being void, could not be thereafter attacked by such a proceeding.

From the Huntington Circuit Court.

*T. G. Smith*, for appellant.

*C. W. Watkins*, for appellees.

McCABE, C. J.—The circuit court carried a demurrer to the third paragraph of appellees' answer back to appellant's complaint and sustained said demurrer to said complaint, and appellant refusing to plead further, the appellee had judgment upon the demurrer. The assignment of error calls in question that ruling.

The substance of the complaint is that the appellees had entered into a contract with Susan Davis, wife of appellant, by which she agreed to, and did, convey to appellees certain described real estate in Huntington county; that by virtue of said contract and conveyance made to appellees by said Susan Davis, said appellees claimed to acquire some right and title in and to another described parcel of real estate in said county, adjacent to that conveyed as aforesaid and which last parcel was owned by appellant; that afterwards appellees ob-

tained an order of the Huntington Circuit Court upon said contract and deed appointing Z. T. Dungan a commissioner of said court to convey the last above mentioned real estate so owned by appellant to said appellees, and in obedience to said order said commissioner did so convey the same to appellees, whereby plaintiff lost his title to said land, greatly to his damage in the sum of $1,500; that appellant never agreed or obligated himself to include his said land in said contract and deed between his said wife and said appellees, nor did he ever receive any consideration for his said land; that the said land is of the value of $1,500; that appellees do not own nor hold any other property of much value other than the real estate hereinbefore mentioned, and a personal judgment against them would be fruitless. Wherefore he demands judgment for $1,500, and that the same may be declared a first lien upon the real estate hereinbefore described, and he herewith files his *lis pendens* notice and asks his equitable lien to be foreclosed therein, and for all other proper relief.

Appellant's complaint makes his right to recover depend upon the question whether the facts stated therein show that he had lost his title to his land, as alleged, if even that would entitle him to recover its value and enforce such recovery as a lien on such land. If the order of the circuit court of Huntington county, by which it is claimed he was deprived of and lost his title, was entered in a cause to which he was a party, then that adjudication was conclusive upon him, and he could not be heard to question or assail it in this collateral way if the court rendering it had jurisdiction of the subject-matter and the parties. *Waltz* v. *Borroway*, 25 Ind. 380; *Dequindre* v. *Williams*, 31 Ind. 444; *Anderson* v. *Wilson*, 100 Ind. 402; *Evans* v. *Ashby*, 22 Ind. 15; *Hawkins* v. *Hawkins, Admr.*, 28 Ind. 66; *Gale* v. *Parks*, 58 Ind. 117;

*Lantz* v. *Maffett*, 102 Ind. 23; *State, ex rel.*, v. *Morris*, 103 Ind. 161; *Cassady* v. *Miller*, 106 Ind. 69; *Hall* v. *Durham*, 109 Ind. 434; *Jarboe* v. *Severin*, 112 Ind. 572.

The complaint shows that the Huntington Circuit Court had jurisdiction of the subject-matter of the alleged order. Where a court of general jurisdiction, as the Huntington Circuit Court was, has jurisdiction of the subject, it will be presumed that jurisdiction of the person was acquired, in the absence of a contrary showing. *Exchange Bank* v. *Ault*, 102 Ind. 322; *Waltz* v. *Borroway*, *supra;* *Hawkins* v. *Hawkins, Admr.*, *supra;* *Gavin* v. *Graydon*, 41 Ind. 559; *Goar* v. *Maranda*, 57 Ind. 339; *Cavanaugh* v. *Smith*, 84 Ind. 380; *Cassady* v. *Miller*, *supra.*

But this rule only applies in general where the person sought to be concluded was a party to the adjudication. Here the complaint does not disclose whether the appellant was a party to the adjudication stated in the complaint in this case or not. If, however, he was not a party to that adjudication he was not bound by it, for it is a familiar principle that no one is bound by a decree or judgment to which he was not a party or privy. *Curtis* v. *Gooding*, 99 Ind. 45.

Therefore, if the appellant was not a party to the adjudication or order, by which a commissioner was ordered to convey his land to the appellees he was not bound thereby, and hence did not lose his land or the title thereto by virtue of said order and conveyance, so that in any possible light in which the complaint can be viewed it does not state facts sufficient to constitute a cause of action. The mere fact alleged that the appellant did not receive any consideration for his land is of no force whatever, because if he was a party to that suit and that fact constituted any defense, he was bound to set that defense up, and failing so to do, he would be forever after estopped and concluded as to that and all

other defenses by the judgment. *Craighead* v. *Dalton*, 105 Ind. 72; *Woolery* v. *Grayson*, 110 Ind. 149.

It has even been held that a judgment rendered upon an obligation without any valid consideration is binding until reversed. *Cassel* v. *Scott*, 17 Ind. 514.

The circuit court did not err in carrying back and sustaining the demurrer to the complaint.

The judgment is affirmed.

Filed Jan. 29, 1895.