Boyer *v.* Robertson *et al.*

## Boyer *v.* Robertson et al.

[No. 18,041. Filed Nov. 2, 1897. Rehearing denied Dec. 8, 1897.]

EJECTMENT.—*Description of Real Estate.*—A judgment for plaintiff will be set aside in an action in ejectment involving the title of the real estate, where neither the complaint nor findings of the jury supply facts sufficient from which a judgment could be rendered containing a sufficient description of the real estate. *pp. 75, 76.*

SAME.—*Jurisdiction.*—*Collateral Attack.*—Where in an action in ejectment by one claiming title through an administrator against an heir of decedent, a finding by the court that notice of the pendency of the petition to sell was published, and found by the court to be sufficient, although it is not found that such heir was named as defendant, and as such included in the service of process or publication, sufficiently shows jurisdiction over the person of defendant in such suit for the purposes of the suit in ejectment. *pp. 76, 77.*

From the Carroll Circuit Court. *Reversed.*

*L. D. Boyd* and *E. E Pruitt,* for appellant.

HACKNEY, J.—This was an action in ejectment by the appellees, the alleged owners as tenants by entirety, against the appellant for the possession, with damages, of lots eleven and twelve in the town of Carrollton, and a tract described as "A part of the east half of the southeast quarter of section fifteen, in township twenty-four north, of range one east, commencing twelve feet west of the northwest corner of lot number four in the town of Carrollton, Carroll county, Indiana, due west to the west line of said lot of land, and to include all the land heretofore owned by one Henry Sulzer, as recorded in deed record book G, page 117, of the records of Carroll county, Indiana, and all that lies west of the town of Carrollton, and supposed to contain four acres, more or less, in Carroll county, Indiana." A trial resulted in a special verdict, in the form of interrogatories and answers, and a judgment in favor of the appellees, the verdict and judgment describing said four-acre tract as above described.

The sufficiency of the facts found to support a judgment for any of said lands, and to support a judgment for said four-acre tract is raised by the record and presented by the appellant's brief. For the appellees, no brief or argument has been filed, but, after six months from the filing of appellant's brief, and after notice to file briefs, counsel for appellees have declined to file a brief. The fact that the case had once before been in this court, 144 Ind. 604, with a reversal in favor of this appellant, and that this court had suggested the error in the description of the four-acre tract, seems not to have availed to secure a correction of the error, or to elicit from the appellees such attention to the case in this court as would aid us in considering the question involved.

Assuming that lot number four, in the town of Car-
rollton, is an established monument, from the north-
west corner of which to begin the description of the
four-acre tract, there is but one course given, "due
west" to the west line of "said lot of land," a distance
somewhat in doubt, since it is uncertain whether the
"lot of land" is that sought to be described or the
town lot mentioned. But, conceding that the refer-
ence is to the west line of the "lot" last mentioned,
the town lot, we have no other course or distance
given. As if to describe the tract by reference, it is
said "to include all the land heretofore owned by one
Henry Sulzer, as recorded in deed record G, page 117,"
"and all that lies west of the town of Carrollton." If
the sheriff, in executing the judgment, could go to the
deed records to learn what lands formerly owned by
Sulzer were included, he would be sorely at loss to
identify the lands included and referred to as "all that
lies west of the town of Carrollton." However, it is
not the duty of the sheriff to do that with reference to
incomplete descriptions which the litigation should
settle, and the evidence of which should be supplied
by the decree or judgment. *Swatts* v. *Bowen*, 141 Ind.
322, and authorities there cited. Looking into the
finding of the jury, we learn with what difficulty the
sheriff would meet if he should go to deed record G,
page 117, to ascertain what part of the four acres had
been owned by Sulzer, since the jury say that except-
ing two lots 132 by 66 feet each, the deed to Sulzer con-
veyed eighty acres of land, in addition to which the
boundaries of said four-acre tract would have to in-
clude all the land lying west of Carrollton within the
half-quarter section named. The appellees claimed
title through an administrator's sale, and it was found
that appellant was an heir of the decedent; it was
found, also, that notice of the pendency of the petition

Boyer *v.* Robertson *et al.*

to sell was published and was found by the court to be sufficient; this, the appellant insists, does not show jurisdiction over the person of the appellant in that proceeding, since it is not found that he was named as a defendant, and as such was included in the service of process or publication. In a collateral inquiry it has often been held that jurisdiction over the person will be presumed where the court has had jurisdiction of the subject-matter, and it does not affirmatively appear that the person raising the inquiry was not a party. *Bailey* v. *Rinker*, 146 Ind. 129 ; *Shoemaker* v. *South Bend Spark Arrester Co.*, 135 Ind. 471 ; *Nichols* v. *State*, 127 Ind. 406 ; *Exchange Bank* v. *Ault*, 102 Ind. 322.

All facts necessary to the recovery of said two lots were returned and judgment against the appellant was proper thereon; but as to the four-acre tract, neither from the complaint, nor from the findings of the jury, could the court render a judgment including a sufficient description.

The judgment of the lower court is therefore reversed, with instructions to render judgment for the appellees as to said lots eleven and twelve, and as to the issues concerning the four-acre tract, to render judgment for costs in favor of the appellant, but to render no judgment as to the ownership or possession of said tract of four acres.

The costs of this appeal are adjudged against the appellees.