## Runner, Assignee, *v.* Scott, Executor.

[No. 18,436.   Filed May 17, 1898.]

Appeal.—*Special Finding.— When Demurrer to Pleading Available.* —The overruling of a demurrer to a pleading may be considered on appeal, notwithstanding there has been a special finding of facts with conclusions of law thereon.  *pp. 442-444.*

Courts. — *Assumption of Jurisdiction. — Presumption.* — Where a court of general jurisdiction assumes the right to issue a writ of attachment, all presumptions will be indulged in favor of the action so taken.  *p. 446.*

Attachment.—*Appointment of Receiver to Take Charge of Attached Property.—No Abandonment of Attachment.*—Where a writ of attachment has been issued against partnership property in a suit against one of the partners, the subsequent appointment of a receiver for the partnership, before judgment is taken, does not work an abandonment of the attachment.  *p. 447.*

Same.—*Receiver in Charge of Attached Property.—Attachment of Property in Another County.—Judgment.*—Where a writ of attachment was issued against partnership property, and the property was subsequently turned over to a receiver of the firm, and another order of attachment is taken out, under which property of one of the partners in another county is taken, and the receiver reports to the court that the amount claimed by plaintiff is due him, and the court orders the attached property of the partner sold, a third party will not be heard to complain of the judgment of the court. *pp. 447, 448.*

Same. — *Collateral Attack of Judgment. — Presumption.* —Where, in a collateral attack upon the action of a circuit court in ordering property sold which had been taken under a writ of attachment, it is not alleged that the conditions required for the validity of the judgment do not appear of record in the attachment proceedings, it will be presumed that they do appear of record, and that the judgment was authorized.  *p. 448.*

Same.—*Notice.— When Served.*—It is not necessary that notice to the defendant in attachment be served at or before the issuance of the writ.   It is enough that it be served before the judgment.  *pp. 448, 449.*

Same.—*Collateral Attack.—Mortgage.*—One who takes a mortgage upon property after it has been attached is in no better position to impeach the judgment than the mortgagor.  *p. 449.*

From the Howard Circuit Court.   *Affirmed.*

*G. P. Haywood* and *C. A. Burnett*, for appellant.

*B. C. Moon* and *Conrad Wolf*, for appellee.

HOWARD, C. J.—This was an action brought by appellant to enjoin the enforcement of a judgment in attachment.   On the overruling of a demurrer to the complaint, and the filing of an answer in general denial, the cause was submitted to the court.   There was a special finding of facts with conclusions of law against the appellant; and over a motion for a *venire de novo*, and a motion for a new trial, judgment was rendered in accordance with the conclusions of law.

It is contended by the appellant that the court erred in its conclusions of law, and also in overruling the motion for a *venire de novo* and the motion for a new trial.

We are, however, first met with a contention of appellees, who have assigned as cross-error that the court overruled their demurrer to the complaint. Counsel for appellant intimate that the sufficiency of the complaint, under this cross-assignment, will not be considered, for the reason  that there was a special finding of facts with conclusions of law thereon; and because it has been frequently decided that errors in overruling demurrers to pleadings, when there is a special finding or a special verdict, are not material, as a correct statement of the law upon the facts found would cure the error, if any had been committed in the ruling upon the demurrers.   *Scanlin* v. *Stewart*, 138 Ind. 574; *Woodward* v. *Mitchell*, 140 Ind. 406; *Ross* v. *Banta*, 140 Ind. 120; *Walling* v. *Burgess*, 122 Ind. 299, 7 L. R. A. 481; *State* v. *Vogel*, 117 Ind. 188; *Louisville, etc., R. W. Co.* v. *Downey*, 18 Ind. App. 140; *Cox* v. *Hayes*, 18 Ind. App. 220; *Smith, Tr.*, v. *Wells Mfg. Co.*, 148 Ind. 333.

But by the rule thus stated, supported as it is by

the authorities cited, it is not to be understood that good pleadings are not required where there are special findings, quite as well as where the finding is general. By saying that an error made in overruling a demurrer to a pleading is not material where there is a special finding, inasmuch as a correct conclusion of law upon the facts found would cure the error, if any, the courts do not mean, as the cases cited will show, that correct pleadings may be dispensed with, but simply, that, since one who excepts to conclusions of law thereby admits that the facts have been correctly found, it will, in general, be presumed that the facts in issue are correctly stated, and, hence, that, in considering the correctness of the conclusions of law, all questions that could be raised on the sufficiency of the pleadings will necessarily be considered. It is evident that if the facts put in issue by the pleadings are correctly found by the court, then the law as applied to such facts must control the decision of the case, and, hence, that it will be unnecessary to consider any objections to the sufficiency of the pleadings.

Of course the rule has no application where a pleading is stricken out, by sustaining a demurrer to it. The rule applies only where the pleading is retained, by overruling the demurrer directed against it. Neither could the rule, strictly speaking, be applicable where facts had been found which were not within the issues made by the pleadings. Such facts should be disregarded. But a party by excepting to the conclusions of law might, perhaps, be held to have waived any such error in the finding, by admitting that the facts had been correctly found, which waiver would include, of course, an admission that the facts found were within the issues.

It is plain, therefore, that even though there has been a special finding of facts, with conclusions of law

thereon, a party may nevertheless insist upon a consideration of the correctness of the court's action in overruling a demurrer to a pleading.   This is particularly true where, as in the case before us, the party who objects to the pleading did not except, and did not wish to except, to the conclusions of law, but simply insists that the pleading is defective, and that the court erred in overruling a demurrer to it.   And because, by considering the conclusions of law, there might be a correct decision of the questions raised, it does not follow that the same end may not also be reached by considering the sufficiency of the pleading.

From the complaint it appears that the appellant is the assignee of the' Commercial Bank of Oxford, Indiana, the deed of assignment dating from May 19, 1893; and that the appellee Scott is the executor of the last will of James T. Scott, who departed this life August 8, 1896; that on January 31, 1894, one Zimri Dwiggins and his wife executed two mortgages on the real estate in controversy, situated in Jasper county, and then owned by the said Dwiggins, to secure the payment to appellant of debts amounting to $12,000.00; that said mortgages were foreclosed for $13,989.95, and the lands sold to appellant for $10,000.00, in part satisfaction of said judgment; and that appellant holds 'a sheriff's certificate of such sale, dated December 26, 1896.   It is further alleged, that, on May 12, 1893, the said James T. Scott commenced a suit in the Howard Circuit Court to recover the sum of $825.00 from the said Dwiggins and others, as partners, doing business under the name of the Farmers' Bank of Greentown in Howard county; that on said day said Scott, on affidavit that Dwiggins was a nonresident of the State, procured the issuance of a writ of attachment against the property of said partnership in Howard county, by virtue of which, such prop-

erty was seized by the sheriff and appraised at
$18,142.00; that on May 13, 1893, on Scott's petition,
reciting the insolvency of said partnership, that there
were numerous creditors, and that said Farmers' bank
had suspended payment, a receiver was appointed to
take charge of the assets of the partnership; and there-
upon the sheriff, as ordered, turned over to the re-
ceiver all the partnership property levied upon by vir-
tue of said writ of attachment; that after the turn-
ing over to the receiver of such attached property, on
May 13, 1893, no further action was taken in the at-
tachment proceedings until May 29, 1893, when Scott,
without filing any additional affidavit or bond, and
without having obtained any personal service upon
Dwiggins, without having attached any property of
Dwiggins in Howard county, except the partnership
property already mentioned, or without having sum-
moned any garnishee in Howard county who was then
or thereafter found to be indebted to Dwiggins, or to
have property in his hands subject to attachment, pro-
cured a writ of attachment to be issued by the clerk
of the Howard Circuit Court to the sheriff of Jasper
county, commanding said sheriff to levy upon and
take into his possession the personal property, and
attach the land of the defendant in said county, or so
much thereof as would satisfy the claim of the plain-
tiff; that by virtue of said writ, and without other
authority, the sheriff of Jasper county did, on May 31,
1893, attach the lands here in controversy. It is
further alleged, that on April 13, 1895, the receiver of
said partnership made his final report and was dis-
charged, "and in the same order made by the court,
and at the time of the hearing of said final report,
and without any trial upon the question of the alleged
indebtedness due the said Scott from said partner-
ship, other than that involved in the hearing of said

final report, and without any trial of the facts or any of them, as to the matters and things alleged in said complaint in attachment, filed on the 12th day of May, 1893, as aforesaid, and without any trial by submission or otherwise of said attachment proceedings, and without any reference whatever to said attachment proceedings said Howard Circuit Court made an order finding there was a balance due the said Scott, in the sum of $626.00, and the court thereupon caused to be entered of record a pretended judgment of $626.00 against the real estate of the said Zimri Dwiggins, in Jasper county, Indiana, which real estate includes the real estate in this complaint hereinbefore described, and further ordered that said real estate be sold by the sheriff of Jasper county to satisfy said judgment;" that a copy of said order of sale has been issued to said sheriff, and that he will sell said land unless restrained from so doing.

The sole question for decision is, whether the writ of attachment directed to the sheriff of Jasper county, and the order of sale issued thereunder by the Howard Circuit Court are void. Whether any of the proceedings detailed in the complaint were irregular and such as might have been taken advantage of by the defendant Dwiggins on direct attack or on appeal, are not questions for our consideration. This is a collateral attack upon the proceedings and judgment of the Howard Circuit Court, and as such cannot prevail, unless such proceedings and judgment were wholly void.

The Howard Circuit Court is a court of general jurisdiction, and as such, has full authority to make orders and enter judgments in all matters relating to the attachment and sale of real esatate. The statute, section 931, Burns' R. S. 1894 (919, R. S. 1881), provides that "orders of attachment may be issued to the sheriff of any other county; and several of them may,

at the option of the plaintiff, be issued at the same time or in succession." The court in this instance assumed the right to issue the writ attaching the land in dispute, and to order its sale in payment of the debt found due the plaintiff Scott. All presumptions will be indulged in favor of the action so taken by the court; and the burden was upon the appellant to allege and prove facts showing that such action was unauthorized.

Appellant insists that, by the appointment of the receiver, on May 13, 1893, and the turning over to him of the property attached in Howard county, the attachment proceedings, begun on May 12, 1893, were abandoned, and hence that on May 29, 1893, there was no authority, without a new affidavit and bond, to issue the writ of attachment to Jasper county. No facts are alleged to show a dismissal or abandonment of the attachment proceedings on the appointment of the receiver. On the contrary, the very circumstance that a second writ was issued on the 29th of May goes to show that it was then assumed that the attachment proceedings remained in full vigor. This, too, was the judgment of the court when, on April 13, 1895, it ordered the sale of the land by virtue of the writ of attachment issued on May 29, 1893. Neither is it true that the appointment of the receiver for the property in Howard county disclosed the adoption of a remedy inconsistent with the attachment proceedings, and hence an abandonment of the latter. By either remedy all the creditors could share ratably in the proceeds of the property in Howard county; and there could be no inconsistency in seizing upon other property in Jasper county, in the proceeds of which one or all of the creditors might also share as to any balance due them.

But it is said that on April 13, 1895, there was no

trial as to the attachment proceedings. It is admitted, however, that the verified complaint in attachment was before the court, as also the report of the receiver showing the balance due the plaintiff in attachment. It is not denied that Dwiggins had then been summoned, or notified by publication, and defaulted, or that he was then present in court. The attachment defendant is not complaining of the judgment then entered, and we do not think that a third party can make such complaint.

It is further argued that no judgment was authorized against the lands in Jasper, under provisions of section 931, *supra*, for the reason that on May 29, 1893, the writ of attachment was issued "without having obtained personal service upon the said Zimri Dwiggins, or without having attached any property of the said Dwiggins in Howard county (except the partnership property), or without having summoned any garnishee in said Howard county."

If any of these conditions obtained, the judgment would be authorized by the statute cited. In the first place, it is not alleged that the record does not show that some one of the conditions did exist. In the absence of an allegation that there is no such record, we must, in support of the jurisdiction exercised by the court, presume that there is such record; and if there is a record showing the existence of any of the required conditions, such record must prevail against an allegation that some one of the conditions did not exist.

Moreover, as to the first condition, it may be that up to May 29, 1893, when the writ was issued, no personal service was had upon Zimri Dwiggins; and yet such service might be had afterwards, and before the entry of judgment on the attachment. It is not necessary that notice to the defendant in attachment

be served at or before the issuance of the writ.   It is enough that it be served before the judgment.   Besides, Dwiggins may have appeared to the action at some stage of the proceedings.   Again, the complaint does not show absolutely that property of Dwiggins had not been attached in Howard county.   It is expressly admitted that partnership property of his had been so attached.   The court might have deemed this a sufficient compliance with the statute; so that its assumption of jurisdiction could withstand this collateral attack, even though the assumption were in fact erroneous.   All presumptions will be indulged in favor of the judgment. Elliott App. Proc., section 725.

The appellant took his mortgages, *pendente lite,* and after the land in question had been attached by the sheriff of Jasper county.   He is therefore in no better position than Dwiggins himself would be if he were seeking to impeach the judgment of the Howard Circuit Court.   He should therefore not only allege what was done and what was omitted by the court as affecting its jurisdiction in the matter, but it is also necessary that "he should allege in his pleading what if anything, is shown by the record" in relation to the issue which he tenders.   This he has not done, and the omission is fatal to his complaint.   *Exchange Bank* v. *Ault,* 102 Ind. 322; *Bloomfield R. R. Co.* v. *Burress,* 82 Ind. 83; *Krug* v. *Davis,* 85 Ind. 309; *Cassady* v. *Miller,* 106 Ind. 69; *Cosby* v. *Powers,* 137 Ind. 694; *Bailey* v. *Rinker,* 146 Ind. 129; *Davis* v. *Clements,* 148 Ind. 605; *Thompson* v. *Harlow, post,* 450, and authorities there cited.   These cases show conclusively that the complaint was insufficient to authorize any judgment in favor of appellant.   It is not therefore necessary to consider the errors assigned by him. Such errors, even if they should be found to exist,

would be harmless, for the reason that under his complaint appellant could not in any case be entitled to judgment. *Carmel Natural Gas, etc., Co.* v. *Small, ante,* 427, and authorities there cited. Judgment affirmed.