## ENOS v. NEW YORK & O. R. CO.

### (Circuit Court, S. D. New York. July 2, 1900.)

RECEIVERS—APPOINTMENT—EXHAUSTING LEGAL REMEDIES.

Decree appointing receiver will not be set aside on motion of a creditor because the creditor applying for the appointment had not had an execution issued and returned unsatisfied, no objection on this account having been made by the corporation to the application.

Motion by a judgment creditor, whose judgment was entered subsequent to the appointment of a receiver, to be allowed to intervene and set aside the decree appointing the receiver.

Frank E. Smith, for the motion.

Arthur H. Masten, R. Burnham Moffat, and Henry L. Stemson, opposed.

LACOMBE, Circuit Judge. This application must be denied. The decree of the court is in entire accord with the practice laid down by the supreme court in Hollins v. Iron Co., 150 U. S. 380, 14 Sup. Ct. 127, 37 L. Ed. 1113. That case holds distinctly that the defense and objection to an application for the appointment of a receiver that execution upon a judgment in favor of the creditor has not been issued and returned unsatisfied is one which must be made in limine, and which may be waived by the defendant corporation. When it is waived, and it is apparent to the court that the corporation is insolvent, and that, to save the property from wreck and secure equality of distribution of the assets among the creditors, it is necessary to appoint a receiver, such a decree may be entered upon the application of a creditor whose claim is in judgment, and even, as it would seem from the opinion in the Hollins Case, upon the application of a simple-contract creditor, without express lien. In that cause plaintiffs were simple-contract creditors, whose claims had not been reduced to judgment, and who had no express liens by mortgage, trust deeds, or otherwise. The court says:

"Suppose the corporation and other defendants had made no defense, and, without expressly consenting, had made no objection to the appointment of a receiver under subsequent distribution of the assets of the corporation among its creditors; it cannot be doubted that a final decree providing for a settlement of the affairs of the corporation and a distribution among creditors could not have been challenged on the ground of a want of jurisdiction in the court, and that notwithstanding it appeared upon the face of the bill that the plaintiffs were simple-contract creditors. The course of the administration of the assets of an insolvent corporation is within the function of a court of equity, and, the parties being before the court, it has power to proceed with such administration. If there was a defense existing to the bill as framed, and objection to the right of these plaintiffs to proceed on the ground that their legal remedies had not been exhausted, it was a defense and objection which must be made in limine, and does not of itself oust the court of jurisdiction."

Of course, if the defense of a failure to exhaust the legal remedies were interposed by the corporation to the application of the creditor, the situation would be different; but no such objection was made in the case at bar, and the decree was one which the court was entirely competent to enter. The application is denied.