STEINBRENNER RUBBER COMPANY ET AL. *v.*
DUNCAN, RECEIVER, ETC.

[No. 12,784.    Filed March 16, 1927.    Rehearing denied May 19,
1927.]

1. RECEIVERS.—*In absence of specific statutory authority, re-
ceiver can only be appointed in aid of an equitable proceeding.*
—In the absence of specific statutory authority to appoint a
receiver in a specific case, the rule as to such appointment in
courts of equity prevails, under which a receiver cannot be
appointed except in aid of an equitable proceeding.    p. 221.

2. RECEIVERS.—*Prerequisites to appointment of receiver under
equitable clause of statute.*—In order to authorize the appoint-
ment of a receiver under cl. 7 of §1300 Burns 1926, the appli-
cant for the appointment must show either a clear legal title
in himself to the property sought to be placed in the hands
of a receiver, that he has a lien upon it, or that it constitutes
a particular fund out of which he is entitled to have satisfac-
tion of his demand, and the pendency of an equitable proceed-
ing to enforce his rights.    p. 221.

3. RECEIVERS.—*Application    for    appointment    of    receiver    is
auxiliary proceeding and not authorized where that is sole ob-
ject thereof.*—In the absence of express statutory authority, an
application for the appointment of a receiver is an auxiliary
proceeding and not the ultimate end or object thereof; hence,
cl. 7 of §1300 Burns 1926 does not authorize a proceeding
where the sole object is to obtain the appointment of a receiver.
p. 223.

4. RECEIVERS.—*Statute does not authorize appointment of re-
ceiver on application of ordinary creditor.*—Clause 7 of §1300
Burns 1926 does not authorize the appointment of a receiver
for a stock of merchandise on the application of a creditor who
has no legal interest in or lien upon such stock.    p. 223.

From Marion Superior Court (A 35,006) ; *Sidney S.
Miller,* Judge.

Application by the E. G. Spink Agency for the ap-
pointment of a receiver for a stock of merchandise be-
longing to Adelbert S. Burdick, doing business under
the trade name of the "Service Tire Company," on
which Russell V. Duncan was appointed receiver.    The
Steinbrenner Rubber Company and another were al-
lowed to intervene and filed separate petitions to have

the property in the hands of the receiver turned over to them, which were denied. From the order denying them the relief asked, they appeal. *Reversed, with directions to set aside the order appointing the receiver.* By the court in banc.

*Lesh & Lowther,* for appellants.

*Clawson, Yeager & Duncan,* for appellee.

ENLOE, J.—For some time prior to March 9, 1926, one Adelbert S. Burdick had been conducting a business in the city of Indianapolis under the trade name of "Service Tire Company." While so operating, he became indebted to the "E. G. Spink Agency, Incorporated," on account of insurance premiums in the sum of $268.29, and was so indebted on March 9, 1926. On said date, the said creditor filed in the Marion Superior Court its complaint asking that a receiver be appointed to take charge of the stock of merchandise—automobile tires—of said Service Tire Company, to hold and administer the same for the benefit of creditors. In said complaint, it was alleged, *inter alia,* that said Service Tire Company was owned and controlled by one Adelbert S. Burdick, who was conducting said business under said trade name; that said Burdick was owing past due indebtedness in excess of $1,300, and that said Burdick could not pay the same and was about to discontinue business; that Burdick had theretofore executed a "trade acceptance" in a sum in excess of $10,000, which would be due on April 1, 1926, and that he could not meet and pay the same; that upon the discontinuance of said business, said stock, consisting largely of automobile tires, would rapidly depreciate in value. The complaint also alleged that the Steinbrenner Rubber Company and other corporations "would be claiming an interest in and to said stock of goods" of said Service Tire Company, and that there would be a

conflict of interest between the several parties claiming said stock of goods.

Notice of said complainant's intention to apply for a receiver was served upon Burdick and he acknowledged service of such notice, filing his written acknowledgment in court, and he also, in writing, filed in this cause, consented to the appointment of a receiver for said property, stating. that, as he understood it, said application was based upon his, insolvency and "conflicting claims as to who had title to said estate." Upon the filing of said complaint, which was verified, and the consent of said Burdick aforesaid, the court appointed the appellee as receiver of said property, fixed the amount of his bond as such, which bond was at once filed and approved and said receiver took charge of said property.

On April 8, 1926, the appellant, Steinbrenner Rubber Company, filed its petition asking that it be permitted to intervene herein and, leave having been granted, it filed its verified petition in which it claimed to be the owner of said property of which the receiver had possession, and it asked that said receiver be directed to turn said property over to it. It based its claim to ownership upon a contract between itself and said Burdick, under which it, as a manufacturer, furnished its goods to said Burdick to be by him sold. Under said contract, Burdick was a "factor," selling the goods of said appellant. A hearing was had upon said petition, which resulted in an order denying the prayer thereof. The Central Trust Company of Illinois filed a like petition claiming that it was the owner of said goods by virtue of an assignment to it made by said rubber company; this petition was also denied and this appeal followed.

Our statute, §1300 Burns 1926, makes specific provision for the appointment of receivers; it specifies

seven different situations under which a receiver may be appointed. There is no contention in this case that either the first, second, third, fourth, fifth, or sixth specifications or clauses of said section cover the situation disclosed in the case at bar, and if it is covered by said section, it must fall under the seventh specification, which is as follows: "And in such other cases as may be provided by law; or where, in the discretion of the court, or judge thereof in vacation, it may be necessary to secure complete justice to the parties." This clause is simply confirmatory of a jurisdiction exercised by courts of equity, as one of its prerogatives, from a very early day. As said in *Bitting* v. *Ten Eyck* (1882), 85 Ind. 357: "The same power is conferred by the code upon the courts of this State, to be exercised for the same purposes and in the same emergencies, as in the courts of equity before the adoption of the code." In the same case, it was said: "The appointment of a receiver is one of the prerogatives of a court of equity, exercised *in aid,* of its jurisdiction, in order to enable it to accomplish, as far as practicable, ·complete justice between the parties before it." (Our italics.) In the absence of specific statutory authority to appoint a receiver in a given case, under a specific set of facts, the rule as to such appointment in courts of equity prevails, and, under this rule, it has been many times held that a receiver could not be appointed at the instance of a simple contract creditor. If a contract creditor has a lien upon property, the enforcement of such lien was within the jurisdiction of a court of equity, and, in such cases, *in aid* of its equitable jurisdiction a receiver might be appointed; but, first, *there must have been a cause of equitable cognizance,* for this was the foundation upon which authority to appoint a receiver must rest. See 23 R. C. L. 16, cl. 10; and p. 27, cl.

22, and authorities cited. In equity, to authorize the appointment of a receiver, the petitioner must show either a clear legal right in himself to the property in controversy, or that he has some lien upon or property right in it, or that it constitutes a particular fund out of which he is entitled to have satisfaction of his demand. And, it is also essential, before a court exercising simply its equitable jurisdiction is authorized to appoint a receiver, for the complainant to show that he has a present existing interest in the property sought to be placed in the hands of such receiver, and that he has a cause of action of *equitable cognizance* upon which he is likely to prevail, coupled with the fact of imminent danger or peril to the property in question. See note to *Cameron* v. *Groveland Improvement Co.* (1898), 20 Wash. 169, 72 Am. St. 26, and authorities there cited. See, also, *Steele* v. *Aspy, Admr.* (1891), 128 Ind. 367, 27 N. E. 739, and *State, ex rel.,* v. *Superior Court* (1924), 195 Ind. 174, 144 N. E. 747.

In *Scott* v. *Neely* (1891), 140 U. S. 106, 35 L. Ed. 358, the Supreme Court of the United States, speaking by Mr. Justice Field, said: "In all cases where a court of equity interferes to aid the enforcement of a remedy * * * there must be, in addition to such acknowledged or established debt, an interest in the property or a lien thereon created by contract or by some distinct legal proceeding." The case of *State* v. *Union Nat. Bank* (1896), 145 Ind. 537, 44 N. E. 585, is, in some respects, very similar to the case at bar. In that case, as in this, a receiver had been appointed to take charge of the property of an individual, and, on appeal, such appointment was attacked on the ground that the court, under the facts of the case, had no jurisdiction to appoint such receiver, no jurisdiction of the subject-matter. The Supreme Court, in passing upon this contention, said, in substance, that the provisions

of our statute gave no justification for the appointment of a receiver for the property of an individual, where the moving party did not show a clear legal right in himself to the property in controversy, or that he had some lien upon it, or property right in it, or that it constituted a special fund out of which he was entitled to a satisfaction of his demand; that it was essential, to authorize the exercise of such jurisdiction, for the moving party "to show that he had a present existing interest in the property." In the case last cited, the bank held a chattel mortgage on certain property, and, without seeking to foreclose the same, asked for a receiver for the property, and as to this phase of the case, the court said: "His only lien was that of a chattel mortgage; and, *without a suit to foreclose that mortgage,* he had no right to a receiver, even for the property covered by that mortgage." (Our italics.) See, also, *Bargain House* v. *St. Clair* (1905), 58 W. Va. 565, and *Thompson* v. *Adams* (1906), 60 W. Va. 463, where it has been expressly held that a suit does not lie where the sole object in bringing it is to obtain the appointment of a receiver.

The authorities all look one way; they all declare that, in the absence of express statutory authority, the matter of appointing receivers is of purely equitable cognizance; that it is an auxiliary proceeding; that it is not the ultimate end or object of a suit. See *Hottenstein* v. *Conrad* (1872), 9 Kans. 435; and *Chicago, etc., Co.* v. *United States Petroleum Co.* (1868), 57 Pa. St. 83.

In the case at bar, as in the case of *State* v. *Union Nat. Bank, supra,* the complaint did not state a cause of action of equitable cognizance. The court on appeal in that case held that the trial court, under the averments of the complaint therein, was without jurisdiction to appoint a receiver, and in

this case, we hold that the Marion Superior Court, upon the averments of the complaint before it, had no jurisdiction to appoint a receiver for the property in question, and this cause must, for that reason, be reversed.

Various errors have been assigned and presented, and the appellee has also moved to dismiss this appeal, but, upon the record before us, we hold that each of appellee's said motions is without merit; they are therefore denied. Other errors presented by appellants need not be considered.

This cause is reversed, with directions to the trial court to set aside its order appointing said receiver, order the return of said property to said Burdick, and to dismiss the complaint.

Dausman, J., absent.