**ZECHIEL et al. v. FIREMEN'S FUND INS. CO.**

No. 4704.

Circuit Court of Appeals, Seventh Circuit.
July 15, 1932.

Rehearing Denied Oct. 12, 1932.

28

William W. Hammond, C. Severin Buschmann, Leo M. Gardner, and Chester L. Zechiel, all of Indianapolis, Ind., for appellant.

Burke G. Slaymaker, of Indianapolis, Ind. (Slaymaker, Merrell & Locke, of Indianapolis, Ind., of counsel), for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge (after stating the facts as above).

The two questions determinative of the appeal are:

(1) Does the complaint state the facts upon which appellee relies for its attack upon the order appointing the receiver?

(2) May a defendant in an action brought against him by a receiver of a copartnership, upon leave of the court which appointed the receiver in another action at the instance of a contract creditor, challenge the validity of the receiver's appointment?

Both of these questions we answer in the negative.

■ (1) The complaint in the instant case does not disclose the facts upon which appellee relies to support its demurrer. The court can not assume from the statement that "he was appointed as receiver * * * in an action by Lewis Meier & Company, a corporate creditor, against said Edward Traugott and Harry Sussman, * * *" that Lewis Meier & Company was a simple contract creditor rather than a lien or judgment creditor. For in construing the above allegation, we are required to look also to the first clause of the sentence which reads that he "is the duly qualified and acting receiver of the partnership assets of Edward Traugott & Company, * * *." Reading the two clauses together, the court must, as against a demurrer, construe them to mean that Lewis Meier & Company was such a creditor as could institute the receivership proceedings against the partnership. Among the numerous decisions which have passed upon and construed language similar to that before us, is the case of Spinney v. Hall et al., 49 Ind. App. 502, 97 N. E. 571, 572. There the court said:

"It appears from the complaint that the Newton circuit court appointed appellees * * * as receivers of the Goodland Bank. It was a court of general jurisdiction, and, in the absence of a showing to the contrary, we must indulge the presumption that the proceedings were regular; that it had jurisdiction of the subject-matter, and of the parties in interest. Roberts v. Leutzke, 39 Ind. App. 577, 78 N. E. 635; American, etc., Ins. Co. v. Mason, 159 Ind. 15, 64 N. E. 525; Runner v. Scott, 150 Ind. 441, 50 N. E. 479; Boyer v. Robertson, 149 Ind. 74, 48 N. E. 7; Davis v. Taylor, 140 Ind. 439, 39 N. E. 551; Nichols v. State, 127 Ind. 406, 26 N. E. 839. This presumption in favor of the order of the court appointing said receivers, and it further appearing that they duly qualified and as such receivers commenced this action, was a sufficient showing that all the proceedings in that case leading up to their appointment were regular."

Other decisions to the same effect are: Robertson v. Perkins, 129 U. S. 233, 9 S. Ct. 279, 280, 32 L. Ed. 686; Commonwealth v. Chase, 127 Mass. 7, 13; Lethbridge v. City of New York, 59 N. Y. Super. Ct. 486, 15 N. Y. S. 562; Rockwell v. Merwin, 45 N. Y. 166, 167; Bowden v. Jacksonville Electric Co., 51 Fla. 152, 41 So. 400, 7 Ann. Cas. 859; Edwardson v. Garnhart, 56 Mo. at page 86; Albright v. Baltimore & O. R. Co., 22 F.(2d) 832 (D. C.); 19 Corpus Juris, at page 833.

In Robertson v. Perkins, supra, the rule is stated thus:

"The allegation of the complaint in this case is, that the plaintiff 'duly made and filed due and timely protest in writing,' and 'duly appealed to the secretary of the treasury,' and 'that ninety days have not elapsed since the decision of the secretary of the treasury on the aforesaid appeal.' * * * In Lorillard v. Clyde, 86 N. Y. 384, the complaint alleged that, in pursuance of a certain agreement, a corporation 'was duly organized under the laws of this state.' It was contended, on a demurrer to the complaint, that the agreement was illegal, because * * *. But the court held that the allegation that a corporation was 'duly organized under the laws of this state,' pursuant to the agreement, imported that the requisite number of persons united for that purpose; that it must be assumed that the corporation was regularly organized; and that it was unnecessary for the plaintiff to show in his complaint the precise steps taken to accomplish that result. The word 'duly' means 'in a proper way, or regularly, or according to law.' "

(2) Inasmuch as counsel for appellant have conceded, or at least written their briefs on the assumption, that the Lewis Meier & Company was a simple contract creditor which brought its action to obtain a judgment and which, before judgment, secured the appointment of appellant as receiver of the partnership, it is deemed advisable to also dispose of the second question. By so doing we may avoid the possibility of a second appeal.

In disposing of this question, it becomes necessary to examine the Indiana Statute (Burns' Ind. Stats. 1926, § 1300) and the decisions of the appellate courts of Indiana thereon. The parties agree that the Marion Superior Court was a court of general equity jurisdiction—a court whose original jurisdiction was concurrent with the Circuit Court of said county.

Disposition of this second question turns upon the determination of two further questions: (a) Is the order appointing a receiver of an individual by an Indiana court of equity upon an action of a simple contract creditor absolutely void? (b) Does the fact that the debtor defendants composed a copartnership differentiate the case?

The legal question presented is one of jurisdiction.

It is, as it must be, under the authorities, assumed that orders appointing receivers upon the application of a simple contract creditor, no other facts appearing, are erroneously entered and will be vacated and set aside on appeal. Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 85, 43 S. Ct. 480, 483, 67 L. Ed. 871; Davis v. Hayden, 238 F. 734 (C. C. A. 4); Hogsett v. Thompson, 258 Pa. 85, 101 A. 941; Slow v. Ohio Valley Roofing Co., 198 Ind. 190, 152 N. E. 820; State v. Union Nat. Bank of Muncie, 145 Ind. 537, 44 N. E. 585, 57 Am. St. Rep. 209.

In the case of Lion Bonding & Surety Co. v. Karatz, supra, the Supreme Court said:

"In the Karatz Case [(C. C. A.) 280 F. 532] the motion to dismiss the bill [for a receiver] should have been granted. There was want of equity, for it was brought by an unsecured simple contract creditor."

This observation applies to receivers of corporations as well as to receivers of individuals.

In the case of corporations, however, the courts have quite generally held that the debtor corporation may waive the taking of the judgment and the return of an execution thereon unsatisfied. In re Metropolitan Railway Receivership, 208 U. S. 90, 109, 28 S. Ct. 219, 52 L. Ed. 403; Hollins v. Brierfield Coal & Iron Co., 150 U. S. 371, 380, 14 S. Ct. 127, 37 L. Ed. 1113; Brown, B. & Co. v. Lake Superior Iron Co., 134 U. S. 530, 10 S. Ct. 604, 33 L. Ed. 1021; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; First Nat. Bank of Medford v. Stewart Fruit Co., 17 F.(2d) 621 (D. C.); McAtamney v. Commonwealth Hotel Const. Corp., 296 F. 500, 505 (D. C.); Enos v. New York & O. R. Co. (C. C.) 103 F. 47; Maxwell v. McDaniels, 184 F. 311 (C. C. A. 4). For a somewhat limited application of this statement, see Harkin v. Brundage, 276 U. S. 36, at page 52, 48 S. Ct. 268, 72 L. Ed. 457.

The Supreme Court in Re Metropolitan Railway Receivership, 208 U. S. 90, 109, 28 S. Ct. 219, 224, 52 L. Ed. 403, said:

"It is also objected that the circuit court had no jurisdiction because the complainants were not judgment creditors, but were simply creditors at large of the defendant railways. The objection was not taken before the circuit court by any of the parties to the suit, but was waived by the defendant consenting to the appointment of the receivers, and admitting all the facts averred in the bill. * * * That the complainant has not exhausted its remedy at law—for example, not having obtained any judgment or issued any execution thereon—is a defense in an equity suit which may be waived, as is stated in the opinion in the above case, and, when waived, the case stands as though the objection never existed. In the case in the circuit court the consent of the defendant to the appointment of receivers, without setting up the defense that the complainants were not judgment creditors who had issued an execution which was returned unsatisfied, in whole or in part, amounted to a waiver of that defense."

No good reason can be observed (save one that goes to the form rather than to the substance of equity jurisdiction) for distinguishing between individuals and corporations so far as the effect of their consent to the appointment of a receiver goes. Nevertheless there are numerous cases based either upon judicial precedent or local state statutes which make the distinction between these two entities. Such cases hold orders appointing receivers of individuals at the instance of unsecured creditors even though the debtor consents to be erroneous. Davis v. Hayden, 238 F. 734 (C. C. A. 4); Hogsett et al. v. Thompson, 258 Pa. 85, 101 A. 941; Maxwell v. McDaniels (C. C. A.) 184 F. 311; First Nat. Bank of Medford, Or., v. Stewart

Fruit Co. (D. C.) 17 F.(2d) 621; State v. Union Nat. Bank of Muncie, 145 Ind. 537, 44 N. E. 585, 57 Am. St. Rep. 209; Steinbrenner Rubber Co. et al. v. Duncan, 86 Ind. App. 218, 155 N. E. 625. Other Indiana cases differentiating between the appointment of a receiver for a corporation and for an individual and denying the power of appointment in the case of an individual are: Slow v. Ohio Valley Roofing Co., 198 Ind. 190, 152 N. E. 820; State v. Superior Court of Marion County, 195 Ind. 174, 144 N. E. 747.

■ Whether such an erroneous order appointing a receiver can be successfully attacked collaterally, however, presents another question. It depends upon whether the court making the appointment acts erroneously or is without jurisdiction.

In those states which hold the order is erroneous but not void, the attack can not be made collaterally. Superior Oil Corp. v. Matlock, 47 F.(2d) 993 (C. C. A. 10); Murphy v. Fidelity Mutual Fire Ins. Co., 69 Neb. 489, 95 N. W. 1022; Powell v. Nat. Bank of Commerce, 19 Colo. App. 57, 74 P. 536; Lively v. Picton, 218 F. 401 (C. C. A. 6); Birmingham, etc., Co. v. Atlanta, B. & A. R. Co., 271 F. 731 (D. C.); Lydick v. Neville, 287 F. 479 (C. C. A. 8); Horn v. Pere Marquette R. Co. (C. C.) 151 F. 626; Ross-Meehan Brake-Shoe Foundry Co. v. So. Malleable Iron Co. (C. C.) 72 F. 957; Dodds v. Palmer Mt. Tunnel Co. (C. C.) 188 F. 447. See, also, Grant v. A. B. Leach & Co., 280 U. S. 351, 359, 50 S. Ct. 107, 74 L. Ed. 470.

In Murphy v. Fidelity Mut. Fire Ins. Co., 69 Neb. 489, 95 N. W. 1022, 1023, the court said:

"It is further insisted that the court had no jurisdiction to appoint Leigh receiver, from the fact that he was not a judgment creditor of the company at the time * * * in the absence of special statutory authority, the party applying for a receiver must show that his legal remedy has been exhausted * * * but it cannot be denied that the district courts of this state have general equity jurisdiction, and full authority to appoint a receiver in a proper action. That a mistake may have occurred, and the appointment made upon an insufficient showing, or in an action where such appointment is not proper, does not make the order absolutely void, so that it may be ignored by every one, though it may be erroneous and voidable, and subject to be set aside when properly questioned. * * * The order is being attacked in an independent action instituted for the * * *. It is attacked upon the ground that the order is absolutely void, but, as we have seen, the court had jurisdiction to appoint a receiver in a proper case, and, this being so, the order at most is voidable."

In Powell v. Nat. Bank of Commerce in Denver, 19 Colo. App. 57, 74 P. 536, 540, the court said:

"It is contended that the court was without power to appoint a receiver upon the application of a simple-contract creditor, and that its order to that effect was void. * * * If it committed error in so doing, it was error in the exercise of jurisdiction which it had, and not error in assuming jurisdiction. Therefore its judgment cannot be inquired into in a collateral proceeding."

In the states where the courts of last resort have held the order appointing the receiver a nullity—an act entirely outside the jurisdiction of the court making the appointment—the collateral attack is upheld. In re Richardson's Estate (D. C.) 294 F. 349; State v. Superior Court of Marion County, 195 Ind. 174, 144 N. E. 747. See, also, Scarritt Estate Co. v. Johnson, 303 Mo. 664, 262 S. W. 373; Harned v. Beacon Hill Real Estate Co., 9 Del. Ch. 232, 80 A. 805; Bowman v. Hazen, 69 Kan. 682, 77 P. 589.

■ We think the great weight of authority supports the theory that a court having general equity jurisdiction and having acquired jurisdiction over the person of the defendant may not have its order appointing a receiver at the instance of an unsecured creditor successfully attacked collaterally. The Indiana courts, however, holding such appointments void must be aligned with those that recognize the right to collaterally attack such an order. In other words, in Indiana, as we construe the decisions (notwithstanding appellant's vigorous dissent from this conclusion), an order appointing a receiver of an individual at the suit of an unsecured, simple contract creditor is a nullity because the court making the appointment is without jurisdiction so to do. Our study of these decisions leads us to conclude that the Indiana courts hold such orders to be absolutely void. Steinbrenner Rubber Co. v. Duncan, 86 Ind. App. 218, 155 N. E. 625; State v. Superior Court of Marion County, 195 Ind. 174, 144 N. E. 747; Slow v. Ohio Valley Roofing Co., 198 Ind. 190, 152 N. E. 820; State v. Union Nat. Bank of Muncie, Ind., 145 Ind. 537, 44 N. E. 585, 57 Am. St. Rep. 209.

■ If then, the debtor in the instant case was an individual, it would follow that the order appointing the receiver was null and

void. But the debtor for whom the receiver was appointed was a copartnership. No Indiana judicial precedent controls or determines our action in the case of a copartnership. In fact the Indiana Supreme Court, in Chicago, etc., R. Co. v. Kenney, 159 Ind. 72, 78, 62 N. E. 26, 28, in respect to a corporation, in an action for an order appointing a receiver, said that:

"No general rule requires that a creditor shall first reduce his claim to judgment before asking for the appointment of a receiver, and the statute of this state concerning the appointment of receivers cannot be so understood."

In view of the great weight of authority which upholds, as against collateral attack, the appointment of a receiver of a corporation upon suit of a simple contract creditor by a court of equity having jurisdiction of the party for whom a receiver is appointed, we feel constrained to deny appellee's right to collaterally attack the validity of appellant's appointment as receiver of the insolvent partnership. Reasons are obvious which would move a court of equity to take jurisdiction and appoint a receiver for a copartnership when it would hesitate to do so were the debtor an individual or even a corporation. In other words, we conclude that the appointment of a receiver of a copartnership in Indiana by a court of equity having jurisdiction over the debtor copartnership, though the moving party be a simple contract creditor, may not be successfully attacked, collaterally.

The judgment is reversed.