MICHAEL MURPHY ET AL. V. FIDELITY MUTUAL FIRE INSURANCE COMPANY ET AL.

FILED JUNE 18, 1903.   No. 13,132.

1. **Appointment of Receiver: NOTICE: WAIVER.** On an application for the appointment of a receiver, the five days' notice required by statute may be waived by the parties entitled thereto.

2. ——: ——: ——. Where the application is made in a suit then pending, notice may be served on the attorney of record representing the party against whom the application is made, and such attorney may waive the time required by statute and authorize the court to proceed to an immediate hearing of the application.

3. ——: COLLATERAL ATTACK. The order of a district court appointing a receiver, is not subject to collateral attack, because such order was made in a law action, or because the petition fails to disclose all the facts usually required in a petition for that purpose.

ERROR to the district court for Douglas county: GUY R. C. READ, DISTRICT JUDGE. *Affirmed.*

*B. Frank Neal, Thomas J. Doyle* and *George W. Berge,* for plaintiffs in error.

*Howard H. Baldrige, William A. De Bord, E. R. Leigh* and *Charles E. Foster, contra.*

DUFFIE, C.

September 30, 1902, the plaintiffs in error, creditors of the Fidelity Mutual Fire Insurance Company, filed their petition in the district court for Douglas county, asking the court to appoint a receiver for the defendant company. The defendant Leigh appeared and answered setting up, among other matters, his own appointment as receiver of the com-

pany by said court, prior to the filing of the plaintiffs' petition. By an amendment filed to the petition, the plaintiffs questioned the validity of the appointment of Leigh, and upon the issues thus made, a hearing was had and an order entered, denying the application of the plaintiffs. An order overruling a motion for a new trial was entered by the court; and the plaintiffs have taken error to this court.

The facts, as we gather them from the record, are as follows:

One Edward Allison, at a date long prior to the commencement of this action, had brought suit against the defendant company, on a policy of insurance issued upon property owned by him and which had been damaged by fire. W. A. De Bord, the president of the company, appeared as its attorney in this action. The company was insolvent, had ceased to do business, and its assets had been placed in the hands of one Johnson to collect. But little progress appears to have been made in realizing on the assets and A. L. Sutton, attorney for Allison in the suit above referred to, had spoken to De Bord about placing the company in the hands of a receiver. The attorneys for Murphy and other creditors of the company, some of whom had reduced their claims to judgment, had also talked with De Bord about applying for a receiver; and, to all of the parties, De Bord had said, that the company would make no objection to such a proceeding or place any obstacle in the way of any creditor who might commence proceedings for that purpose. September 17, 1902, Edward Allison filed a petition, entitled the same, and bearing the same number and docket as the case formerly filed by him to recover on his policy of insurance, asking the court to appoint a receiver to take charge of and collect the assets of the company. His claim against the company had not yet been reduced to judgment; but the petition is, we think, sufficient in its allegations of fact, to warrant the appointment of a receiver in a proper action brought by a judgment creditor. Upon filing this petition

a notice of the application was taken to the office of De Bord, and service of said notice and a waiver of the time of hearing was accepted by one Foster, a clerk in the office. The notice and acceptance of service is in the following words:

"EDWARD M. ALLISON,
                    Plaintiff,

            v.                          Notice of Application for
FIDELITY MUTUAL FIRE IN-                    a Receiver.
    SURANCE COMPANY,
                    Defendant.

"*To W. A. De Bord and Daniel L. Johnson, Attorneys for Defendants:*

"You are hereby notified that on the 19th day of September, 1902, at 9:30 o'clock in the forenoon, or as soon thereafter as I can be heard, I will apply to Guy R. C. Read, judge of the district court for Douglas county, for the appointment of a receiver of all the property and assets of the Fidelity Mutual Fire Insurance Company, on the ground that said defendant company is wholly insolvent and that the property and assets of said company are in danger of being wasted and destroyed, and upon the further ground that the directors of said company have abandoned their duties as directors of said company and are making no effort to collect from the members of said company sufficient money to pay the claims of the creditors of the company. Such application is based upon the petition of the plaintiff. I propose the name of E. R. Leigh, or H. B. Noyes, as receiver, with Isaac B. Noyes and C. B. Noyes as his sureties. I also offer Isaac B. Noyes and C. B. Noyes as sureties for myself.

                              "EDWARD ALLISON,
                                  "By A. L. SUTTON,
"9—17—02.                              *His Attorney.*"

"Receipt of above notice is hereby acknowledged. Time of service waived.        WILLIAM A. DE BORD, *Pt.*
                                    "P. F."

Upon the return of this notice and on the same day, the court appointed E. R. Leigh, receiver of the company, and at the time of the application of Murphy *et al.* for a receiver, Leigh had duly qualified. It is insisted, with much earnestness, that the president of a corporation can not, on the application for the appointment of a receiver, waive the five days' notice provided by our statute. We do not think it necessary to determine this question. This application was made in a case then pending. De Bord had appeared as the attorney for the defendant in that case. It will be observed that the notice was addressed to De Bord, not as president of the company, but as its attorney. The fact that Foster, in accepting service, designated De Bord as president, instead of attorney, is wholly immaterial. It is further insisted that Foster had no authority from De Bord to accept service of this notice. The evidence is undisputed that, at the time, De Bord was out of the city, but it also shows that Foster, as a clerk in the office of Baldrige & De Bord, was in the habit of accepting notices addressed to the firm, or to a member thereof, and that his act in so doing had never been questioned. Aside from this, the evidence is undisputed that De Bord ratified and confirmed such acceptance, upon learning of it, and we do not think it can be said that a sufficient notice was never given the company or that a waiver of time has not been duly had.

In *Farmers & Merchants Nat. Bank of Holstein v. German Nat. Bank,* 59 Neb. 229, it was held:

"The party adverse to the application may waive the statutory notice, and will be held to have done so, when he has appeared and resisted the application entirely upon other grounds."

And this holding was reaffirmed in *Veith v. Ress,* 60 Neb. 52.

It is further insisted, that the court had no jurisdiction to appoint Leigh receiver, from the fact that he was not a judgment creditor of the company at the time, and from the further fact, that the appointment was made in a law

action. The rule undoubtedly is, that a receiver can not be appointed in a law action, unless some statutory authority exists therefor. It is the special province of a court of equity to take cognizance of such matters, and when the receiver is asked on general equitable grounds, the application must be made to a court of equity. So, too, in the absence of special statutory authority, the party applying for a receiver must show that his legal remedy has been exhausted or is insufficient to grant him the full relief which the appointment of a receiver would afford; but it can not be denied that the district courts of this state have general equity jurisdiction and full authority to appoint a receiver in a proper action. That a mistake may have occurred, and the appointment made upon an insufficient showing, or in an action where such appointment is not proper, does not make the order absolutely void, so that it may be ignored by everyone, though it may be erroneous and voidable and subject to be set aside when properly questioned. While it is insisted that this is a direct attack upon the order appointing Leigh receiver, we do not think that such is the case. The order is being attacked in an independent action, instituted for the appointment of a receiver. It is attacked upon the ground that the order is absolutely void; but, as we have seen, the court had jurisdiction to appoint a receiver in a proper case and this being so the order at most is voidable.

In *Howell v. Ross, ante,* p. 1, it is said:

"The district court being vested with jurisdiction of actions to quiet title, a judgment rendered by it in such an action is exempt from collateral attack, even though the petition on which it is based fails to show that the plaintiff is entitled to the relief demanded."

We are satisfied that the order of the district court was right, and therefore recommend its affirmance.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court is

AFFIRMED.