## HARRIS v. COOK.

No. 23914.   Jan. 28, 1936.

Rehearing Denied May 12, 1936.

Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for plaintiff in error.

N. A. Gibson, J. Harvey Maxey, Wilbur J. Holleman, and T. L. Gibson, for defendant in error.

CORN, J.   On June 4, 1925, Annie S. Cook leased the Severs Hotel in Muskogee to Joseph B. Harris for a term beginning June 10, 1925, and ending January 31, 1946, for a total sum of $800,000 rental, which was payable in monthly installments throughout the term of the lease as specified therein. As a further consideration for the lease on the premises the said Joseph B. Harris agreed to keep the property insured, the taxes paid, and to keep the property in first class repair at his own expense.

Lessor was given a first mortgage lien on all furniture, beds, kitchen utensils, dining room furniture, pianos, refrigerators, carpets and all other property belonging to said lessee or his assigns, whether in the building at the time or thereafter placed therein, as security for the prompt payment of the rents and the performance of the undertakings of the lessee as provided in the lease. It was understood between the parties that the lessee intended to mortgage the said hotel furniture and furnishings to Warden & Nation for $70,000, payable in monthly installments, and to Albert Pick & Company for $14,350 also payable in monthly installments, but it was stipulated that said mortgages should be subject, junior, and inferior to the mortgage of lessor.

It was further agreed that said premises nor any part thereof should be subleased or let by lessee without the written consent of lessor or assigns.

On the 18th day of May, 1932, Annie S. Cook, the lessor, brought an action in the district court of Muskogee county to recover the sum of $58,363.41 for delinquent rentals and taxes, which lessee had failed to pay under the lease contract, and to foreclose her chattel mortgage on the hotel furniture and furnishings, and to annul the lease contract on account of nonperformance by the lessee, and to regain possession of the premises.

The plaintiff alleged that the defendant Joseph B. Harris was insolvent; that the leased premises and the personal property upon which plaintiff had a lien were rapidly depreciating in value by reason of the failure of the defendant to repair and maintain same as agreed in the lease contract, and asked for the appointment of a receiver to take possession of the premises and the contents, in order to conserve same, to operate the business and to collect and hold the proceeds and rentals therefrom to discharge the indebtedness of the defendant to the plaintiff.

R. H. Hazlett and R. H. Bradford, being parties defendant in the action, filed a response to the application for appointment of a receiver denying the existence of any grounds or necessity for the same, and further denying that the plaintiff had a first mortgage lien on the hotel furniture and furnishings, but alleging that they owned unpaid notes of the face value of $25,000 secured by the Warden & Nation mortgage, and that they had paid an adequate consideration for said notes and had taken an assignment of same without knowledge of plaintiff's claim to a lien upon the property, and were innocent holders of said notes and mortgage; and further alleging that the giving of the said notes by Joseph B. Harris and to Warden & Nation for part of the purchase price of the property was a part of the same transaction by which the property was sold and delivered to Joseph B. Harris.

The defendant Joseph B. Harris filed a response denying that the property was depreciating in value or in danger thereof, and alleging that he is the lessee of and in possession of the hotel building known as the Severs Hotel, wherein said personal property

is kept, preserved, and used, and that his occupancy thereof is exclusive, and that to place the personal property in the hands of a receiver would necessitate removing same from said building; that said furniture and furnishings were especially fitted and designed for said hotel building, consisting of approximately 200 guest rooms, together with the usual additional space for lobby, dining room, kitchen, and other rooms connected therewith; that he has for more than six years last past conducted therein a going hotel business; that the removal of said personal property therefrom or the appointment of a receiver would result in loss, expense, and damage to defendant in an amount impossible to ascertain; and further alleging that plaintiff had a plain, adequate, and speedy remedy at law, and praying that the application for the appointment of a receiver be denied.

On June 10, 1932, a hearing was had on the application, and after hearing the evidence, both on behalf of the plaintiff and the defendants, and the argument of counsel, the hearing was continued by agreement to be resumed upon 24 hours' notice to defendants, and in the meantime the defendant Joseph B. Harris was left in charge and control of the business by order of the court, to operate same, under the orders of the court, as receiver.

In the principal action the defendant Joseph B. Harris filed an answer of general denial, and the defendants Hazlett and Bradford filed a separate answer and cross-petition setting up their notes and chattel mortgage, and praying that same be adjudged a first and superior lien on the property. To this the plaintiff answered asserting priority of her lien as against that of cross-petitioners. Thus the issues were joined in both the original action and the ancillary proceedings for a receivership.

Thereafter, on July 21, 1932, the application came on for further hearing, and upon consideration of the evidence introduced at that time and at the former hearing, the court, having taken the matter under advisement until July 23, 1932, made an order appointing H. L. Jones receiver, to take charge of, manage, and operate the Severs Hotel property. The defendant Harris moved to vacate the order; the motion was overruled by the court, and he appealed upon transcript to this court.

The cause in the original action proceeded to trial on October 17, 1932. Hazlett and Bradford recovered judgment against Harris in the sum of $32,698.66, and further judgment decreeing same to be a first lien upon the furniture and furnishing in the hotel, and ordering same foreclosed. The plaintiff below recovered judgment against Harris in the sum of $58,080.15, and further judgment decreeing same to be a second lien on said hotel furniture and furnishings, and further judgment canceling the lease on the hotel building.

On January 26, 1933, a special execution and order of sale was issued commanding the sheriff to sell this property in conformity with the judgment. The sheriff gave notice of sale, and on the 6th day of February, 1933, sold the property to Hazlett and Bradford; the sale was confirmed on February 18, 1933, and the property ordered delivered to the purchasers. The receiver filed his report and the plaintiff appeared and showed the court that she had purchased furniture and furnishings from Hazlett and Bradford, and that she was the owner of all the furniture and fixtures as well as the hotel building, and prayed that the receiver be ordered to deliver the same to her, and that the receiver be discharged. On March 27, 1933, the court entered its order approving the receiver's report and ordering that all the property be turned over to Annie S. Cook, the owner thereof, and the receiver was discharged.

These facts, with reference to the sale of the property at foreclosure sale under order of the court, and the termination of all litigation, including the receivership, were brought to the attention of this court in support of a motion by the plaintiff below to dismiss the appeal on the ground that all matters raised by the appeal have become moot; and in this connection it is pointed out that if the action of the trial court were reversed in the matter of appointing a receiver, the same would be unavailing, for the reason that the property has been sold, not by a receiver's sale but under judgment of the court foreclosing the mortgages.

It is contended by the appellant, however, that the appeal is based on the lack of jurisdiction of the trial court to make an order appointing a receiver of certain property not covered by the chattel mortgage, to wit, cash, bank balances, and accounts receivable. As a general rule, a court is without jurisdiction to appoint a receiver of property of a debtor not involved in the litigation, but it appears that the cash and accounts receivable, the basis of this contention, were a part of the assets of the receivership on

hand at the time Joseph B. Harris turned over the receivership property to H. L. Jones, his successor, as receiver of the property. They were derived from the income or earnings of the business and the property for which the receiver was appointed to conserve during the pendency of the action, and it is not shown that the same were not earned during the period in which Harris operated the business as receiver under the order of the court, but it appears from the record that said funds and accounts receivable were a part of the income and earnings during the period in which Harris was acting as receiver under the order of the court.

It appearing that the contention upon which the appeal is based is without merit, the judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and WELCH, JJ., concur.