**FLEET et al. v. HOOKER, District Judge.**

No. 27077. Dec. 8, 1936.

Rehearing Denied Jan. 9, 1937.

Harrell & Kerr and Andrews & Andrews, for petitioners.

Clay M. Roper, for respondent.

WELCH, J. This is an original action for writ of prohibition to prevent the enforcement of an order of the district court of Oklahoma county requiring petitioners to interplead in a cause pending therein, and set up what right, title, and interest they claim in certain real estate located in Coal county, Okla., and enjoining them from interfering with said lands.

In 1933 the holder of two promissory notes given by one E. W. Whitney, an individual, brought suit in the district court of Oklahoma county upon the same. The notes were unsecured and the petition therein set up no legal or equitable claim against any specific property owned by the said Whitney. Therein numerous other parties were made defendants, and it was alleged that these other defendants were creditors of Whitney, and had theretofore procured judgments against him in Oklahoma county and other counties of the state, without naming said counties or such judgments. It was further alleged that there were various judgment liens and other liens against various properties of the defendant Whitney held by these other defendants, without detailing any such liens, judgments, or claims. It was alleged that the defendant Whitney owned property in Oklahoma county, describing specifically some real estate in Oklahoma county, and that such defendant owned various other properties in various counties within the state, without specifying in detail any of such properties or where located. It was asserted that if the liens of the other defendants were enforced, all the properties of the defendant Whitney would be dissipated and wou'd be of little benefit to Whitney's creditors generally, and that Whitney was or would become insolvent; but it is to be observed general'y from the allegations that if all of the defendant Whitney's properties were taken into possession by a receiver, the same could be managed in such manner as to pay Whitney's debts and be of benefit to Whitney and his creditors.

The petition prayed for personal judgment against Whitney for the amount of the notes and for the appointment of a receiver of all of the defendant Whitney's properties generally.

It appears that the defendant Whitney made no objection to the appointment of a receiver, and it further appears that several, if not all, of the various other defendants either acquiesced in the appointment or affirmatively consented to or requested the same, whereupon the court made its order appointing a receiver for all of the properties generally belonging to the defendant Whitney within the state of Oklahoma. It may be worth while to note that neither the order nor any of the proceedings specifically referred to the real estate located in Coal county with reference to which these petitioners are concerned. Neither of these petitioners were made parties to that suit.

Some time thereafter these petitioners sought leave of the district court of Oklahoma county to interplead in the cause therein pending, with the view of setting up their claim against the defendant Whitney. This request was refused by the court, and these petitioners were not then made parties to the suit. Some time thereafter these petitioners brought suit in Pontotoc county against E. W. Whitney, and upon trial obtained a personal judgment against Whitney for some $82,000. This judgment became final, after which the same was transcribed to Coal coun'y, where the same appears of record as a lien upon lands therein located belonging to Whitney.

Thereafter the receiver applied to the district court of Ok'ahoma county for an order making these petitioners parties defendant in that cause and requiring them to therein plead what right, title, and interest they claimed or asserted in the Coal county land belonging to Whitney. It was therein alleged that these petitioners were interfering with the management, control, and possession of the receiver of the Coal county land belonging to Whitney by creating record liens thereon. These petitioners were served with summons upon the filing of such app'ication, and appeared specially in said cause a'tacking the jurisdiction of the district court of Oklahoma county to determine their rights in and to the Coal county land. After hearing, the court entered the order already referred to, from which the pe'itioners herein seek relief.

Among other contentions, the petitioners, in support of their application for the writ

of prohibition, take the position that a mere contract creditor of an individual, having no legal or equitable claim or lien against some specific property of his debtor, is not entitled to the appointment of a receiver over the debtor's property, and an order appointing a receiver in such case is void for 'ack of jurisdiction of the court over the subject-matter. They also contend that the appointment of a receiver of property not involved in the litigation is void for the same reason.

An examination of section 773, O. S. 1931, reveals specific statutory authority in this state for the appointment of a receiver in an action by a vendor to vacate a fraudulent purchase of property, or by a creditor to subject any property or funds to his claim. Such provision, as well as other provisions of the statute, clearly relate to property belonging to an individual. We observe from the statutory provisions, however, that in such cases as therein provided the appointment of a receiver for the property of an individual appears to be confined to cases where one of the objects of the suit or litigation is to subject some specific property to a legal or equitable lien or claim, or where some specific property itself is the object of the suit, and our examination of the first four subdivisions of the statute referred to fails to reveal what we consider an intention on the part of the Legislature to grant specific authority to the courts to appoint a receiver over the property of an individual, except as ancillary to an action directed in some manner at the specific property over which the receiver is appointed. We do not think that any of these provisions authorize appointments of a general receiver over an individual's property in the absence of litigation involving in some manner the specific property for which receivership is sought.

The fifth subdivision of the statute does provide for the appointment of a receiver over the property of a corporation when the corporation has been dissolved or is insolvent or in eminent danger of insolvency, or when it has forfeited its corporate rights. We are not justified, however, in assuming that this provision relating to corporations is applicable to or includes the property of an individual. The language employed does not permit of such construction, and it is obvious that had the Legislature so intended, unmistakable language could have easily been employed.

The sixth subdivision of the statute provides for the appointment of a receiver: "In all other cases where receivers have heretofore been appointed by the usages of the courts of equity."

We thus observe that our statute is broad and liberal in the grant of authority for the appointment of receivers and extends to the customary usages of courts of equity, and we feel justified in a broad examination of the authorities and usages of courts with equitable jurisdiction, notwithstanding the petitioners' suggestion that our statutory provision contained in section 773, supra, excludes the power of the courts to appoint a receiver in cases such as we have here, under the rule of "expressio unius est exclusio alterius."

Our examination of the authorities discloses that relief by way of receivership is equitable in its nature (53 C. J. 19, paragraph 3), and that it is ancillary and provisional in character (53 C. J. 21, paragraph 5'). A receiver may not be appointed in an action at law for the recovery of money only, such as an action at law upon a simple contract. 53 C. J. 23, paragraph 7, and footnote 15 thereunder. An applicant for the appointment of a receiver must have an interest in the subject-matter, and where he has no right to, interest in, or lien upon the property in question, the appointment will be refused. 53 C. J. 27, paragraph 12, and footnotes 78 and 79.

At 53 C. J. 29, paragraph 14, we find the following statements:

"Unless the case is within a statute providing for the appointment of a receiver upon his application, a general or simple contract creditor who has not reduced his claim to judgment, who has no right or interest in, or lien upon, the property of the debtor, and whose interest or position does not differ from that of any other ordinary creditor, has no standing to obtain the appointment of a receiver of such property."

And:

"Some courts hold not only that a mere creditor, without a lien of any kind, has no standing to obtain the appointment of a receiver of the property of an individual debtor, but also that the court is without power to appoint a receiver in such a case. Other courts, however, hold that the power to appoint exists, although it will be exercised sparingly and only in an extreme case."

And under paragraph 17, page 31, of the some volume, we find the following:

"While all the property of a corporation within the jurisdiction may be placed in the hands of a receiver or may pass to him upon his appointment, at least where the corporation is insolvent or dissolved, the courts will not, by the appointment of a

receiver, divest an individual debtor of all that he possesses."

See, also, paragraph 122, page 98 of the same volume of C. J. as follows:

"Property not involved in the suit, is not properly in the hands of a receiver, and he has no right to property which does not belong to the person over whose estate he was appointed, or to property not mentioned in the petition for his appointment."

We believe the statements of law to which we have referred as found in 53 C. J., supra, to be helpful by analogy or in point as applicable to our consideration of the question here.

In Tardy's Smith on Receivers (2nd Ed.) sec. 718, we observe the following statement of the law:

"One of the essentials for the appointment of a chancery receiver is that the action itself be one of an equitable character. Consequently it is the general rule that in the absence of statutory authorization, a receiver will not be appointed in an action at law, and an action which is one at law cannot be made of an equitable character by allegations to the effect that the defendant is insolvent and other creditors are threatening to sue. Hence contract creditors cannot generally obtain the appointment of a receiver. A person must have some lien or charge upon the proposed receivership property other than that of being a mere common creditor.

"Another essential to the right to have a receiver appointed is that the applicant has not an adequate remedy at law."

It is said in Maxwell et al. v. McDaniels et al., 184 Fed. 311:

"A federal court of equity has no jurisdiction at the instance of a simple contract creditor, whose claim has not been reduced to judgment, to appoint a receiver for property on which he asserts no specific lien.***

"A court of equity is without jurisdiction to appoint receivers to administer the assets of an individual on the ground of his insolvency, at suit of a simple contract creditor, and such jurisdiction cannot be conferred by the consent of the debtor."

And further therein:

"An individual is not a corporation. The administration of the affairs of an insolvent individual is not a recognized head of equity jurisdiction as is the administration of the assets of an insolvent corporation. The subject-matter in the former case is not one over which the court has jurisdiction. Mere waiver by the defendant of objections otherwise fatal to the capacity of the plaintiff to invoke the jurisdiction in the case of a corporation removes the only obstacle to the granting of the relief desired. In the case of an individual defendant it leaves untouched the most serious difficulty of all, viz., that the subject-matter is not one within the province of the court. England v. Russell (C. C.) 71 Fed. 818; 1 Street's Federal Equity Practice, sec. 69.

"It is true that in this case no receiver for Gillaspie's general assets was asked for nor was any appointed. The bill, however, did pray that various persons, firms and corporations, who were creditors of Gillaspie and whose claims were undisputed, should be enjoined from suing him at law, and they were so enjoined. A debtor in embarrassed circumstances may have reasons which appear to him sufficient for consenting to the appointment of receivers for one particular piece of his property, if by so doing he can have many of his creditors enjoined from proceeding at law to secure judgments against him which would bind his other property."

See, also, Davis v. Hayden, 238 Fed. 734, and In re Richardson's Estate, 294 Fed. 349.

The case of Hogsett v. Thompson (Pa.) 101 Atl. 941, contains language of the court which is particularly applicable here. Therein the court said:

"While the supervision and control of partnerships and corporations are recognized subjects of equity jurisdiction, the administration of affairs of an individual sui juris and compos mentis is not, and the fact that he is unable to meet his obligations does not alone warrant the appointment of a receiver for his property, or the issuance of an injunction restraining creditors from attempting to collect their claims by legal process. * * *

"Unsecured creditors of an individual filed a bill in equity, alleging that the defendant debtor had assets consisting of unimproved coal lands of enormous value which were the subject of incumbrances amounting to $15,000,000; that he was indebted to unsecured creditors in the sum of $7,000,000; that he was unable to meet the indebtedness; that suits had been filed and execution threatened which would destroy his equities in the various properties which were the only assets out of which unsecured creditors could be paid, but that if the assets were administered under the direction of a court of equity, sufficient might be realized to pay all debts. The bill prayed for appointment of receivers and for an injunction to restrain all creditors from proceeding at law against the debtor's assets. The defendant admitted the facts alleged in the bill and receivers were appointed, and creditors allowed to reduce their claims to judgment, but enjoined from issuing execution against the defendant debtor's property. A

judgment creditor petitioned for leave to intervene and for leave to pursue the usual legal remedies for collection of her judgment. Held, that as simple contract creditors who have no judgment against or liens upon the property of an individual, or any equitable interest in his assets, have no standing to pray for appointment of a receiver, especially where such acts might prejudice the rights of lien creditors, the court of common pleas was without authority to appoint receivers for the property of the defendant debtor, and a judgment creditor, petitioning for leave, was entitled to proceed at law for the collection of her judgment."

There is marked similarity of facts in that case and the case we have under consideration.

In State ex rel. v. Superior Court (Ind.) 144 N. E. 747, the court said:

"As the second question, it is enough to say that the courts of this state do not have jurisdiction to appoint a receiver for the property of an individual owner, and seize possession of it, upon mere allegations that he is indebted for borrowed money, and that he is so conducting himself as to be in danger of insolvency, without any showing that the plaintiff has a lien of any kind upon such property, created by contract, attachment, levy, or otherwise. No such right existed at common law, and the statutory provision which makes threatened insolvency of a corporation cause for the appointment of a receiver (section 1279, subd. 5, Burns, 1914; section 1222, R. S. 1881) does not apply to individuals alleged to be indebted beyond their ability to pay.

"The trial court having no jurisdiction to appoint a receiver for the property of an individual defendant in the original action upon the facts of that case, and no jurisdiction to wrest from persons who, before that suit was commenced, were in full possession of the motor busses and money in question, their said possession without 'due process of law,' and relators having no remedy in the ordinary course of law that is plain, speedy, and adequate, a proper case is presented for the arrest of proceedings by a writ of prohibition."

The Supreme Court of the United States in Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 67 L. Ed. 763, in an opinion by Mr. Justice Brandeis, said:

"But an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor. This is true, whatever the nature of the property, and although the debtor is a corporation and insolvent. The only substantive right of a simple contract creditor is to have his debt paid in due course. His adjective right is, ordinarily, at law. He has no right whatsoever in equity until he has exhausted his legal remedy. After execution upon a judgment recovered at law has been returned unsatisfied, he may proceed in equity by a creditor's bill. Hollins v. Brierfield Coal & I. Co., 150 U. S. 371, 37 L. Ed. 1113, 14 Sup. Ct. Rep. 127. Compare Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 37 L. Ed. 577, 13 Sup. Ct. Rep. 691; National Tube Works Co. v. Ballou, 146, U. S. 517, 36 L. Ed. 1070, 13 Sup. Ct. 165; Pierce v. United States, 255 U. S. 398, 403, 65 Law Ed. 697, 703, 41 Sup. Ct. Rep. 365. He may, by such a bill remove any obstacle to satisfy his execution at law; or may reach assets equitable in their nature; or he may provisionally protect his debtor's property from misappropriation or waste, by means either of an injunction or a receiver. Whether the debtor be an individual or a corporation, the appointment of a receiver is merely an ancillary and incidental remedy. A receivership is not final relief. The appointment determines no substantive right, nor is it a step in the determination of such a right. It is a means of preserving property which may ultimately be applied toward the satisfaction of substantive rights."

Respondent cites Harris v. Cook, 177 Okla. 58, 57 P. (2d) 606, as authority in support of his jurisdiction to make the order herein involved, but we are unable to regard the same as supporting his contention. We find nothing therein contrary to the view which we have taken of this case. That case recognizes the rule stated in Tardy's Smith on Receivers (2d Ed.) sec. 9, as follows:

"To the extent that an order for the appointment of a receiver purports to place property which is not the subject-matter of the litigation in his hands, it is in excess of the jurisdiction of the court and void." Sec. 740.

The suit in the district court wherein the receiver here was appointed was nothing more than a suit by a simple contract creditor upon unsecured notes and sought only a money judgment. No claim of any nature, either legal or equitable, was made against any of the defendant's property. The real estate located in Coal county, regarding which this controversy arose, was in no wise mentioned in any pleading filed by the plaintiff or any of the defendants therein, nor by any of the orders of the court. True, there appears to have been some effort on the part of the plaintiff to allege some grounds for the appointment of a receiver, but this effort was, in our opinion, wholly insufficient.

While we desire to point out distinctly that we are not herein passing upon the power of the court to appoint a receiver of the property of corporations at the request

of a simple contract creditor, we do observe that the weight of authority denies the right and power, unless granted by statute, and we hold here that our statute does not grant the right or power as concerns the property of an individual.

Argument is made by the respondent that petitioners here by at one time filing application to interplead in the cause, which was denied, acquiesced in the appointment of a receiver for this particular property, and that they are estopped from attacking the court's order in the instant case. We are not disposed to elaborate upon our conclusion that we fail to observe the necessary elements of estoppel, or that such action would confer jurisdiction upon the court to appoint a receiver of Whitney's property in Coal county, as here shown.

We consider that the petitioners have shown a clear right to the writ of prohibition, and it is ordered that the same do issue.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and BAYLESS, J., absent.