FRED V. GENTSCH, INC., A CORPORATION, APPELLEE, v. EARLE
M. BURNETT, JR., ET AL., APPELLEES, IMPLEADED WITH
EARLE M. BURNETT, SR., APPELLANT.

115 N. W. 2d 446

Filed May 25, 1962.   No. 35095.

*John R. Doyle,* for appellant.

*Richard A. Vestecka, W. M. Elmen,* and *G. A. Youngs,*
for appellees.

Heard before CARTER, MESSMORE, YEAGER, BOSLAUGH,
and BROWER, JJ.

YEAGER, J.

This is an action at law by Fred V. Gentsch, Inc., a
corporation, plaintiff and appellee, against Earle M.
Burnett, Jr.; Earle M. Burnett, Sr.; Earle M. Burnett,
Sr., and Earle M. Burnett, Jr., doing business as Tad's
Home Trailer Sales, Tad's Trailer Sales, and Burnett's
Home Trailer Sales; Tad's Enterprises, Inc., a corpora-
tion; and Drive-In Realty Company, a corporation, de-
fendants.   Earle M. Burnett, Sr., is the only appellant.
By the petition on which this case was presented,

filed September 3, 1959, the plaintiff declared its corporate status and the status of the defendants, and declared that it had sold to the defendants on open account described furniture of the value of $5,587 and that it had received in part payment $1,675 which left due and unpaid $3,912. The prayer was for judgment in this amount of $3,912. The transcript fails to show that any of the defendants ever filed any kind or character of responsive pleading.

On or about January 15, 1960, the plaintiff filed an application which stated in substance that it sought to preserve property owned by Tad's Enterprises, Inc., for the payment of plaintiff's claim and those of other unnamed claimants; that the defendants were all insolvent; that Earle M. Burnett, Jr., and Earle M. Burnett, Sr., were doing business as Tad's Home Trailer Sales, Tad's Trailer Sales, and Burnett's Home Trailer Sales; that these parties had in their possession property belonging to Tad's Enterprises, Inc.; that Drive-In Realty Company had in its possession property belonging to Tad's Enterprises, Inc.; that Earle M. Burnett, Jr., and Earle M. Burnett, Sr., are the sole and only owners and stockholders of Drive-In Realty Company and of Tad's Enterprises, Inc.; that Richard A. Vestecka was serving as trustee in possession of certain assets belonging to Tad's Enterprises, Inc., and Lewis Pierce was cotrustee; that the assets of Tad's Enterprises, Inc., consisted of certain real estate, balance due on contracts, notes and accounts receivable, and interest in personal property; and that on account of time delays for payment of the various obligations a receiver should be appointed to make collections and to apply the money and cash received under orders of the court.

There was a prayer for the appointment of a receiver to protect the assets of Tad's Enterprises, Inc., and Drive-In Realty Company and to collect "the debts and property due and belonging to said corporation," with power to prosecute and defend in the name of the cor-

porations. Richard A. Vestecka was nominated for receiver.

On February 2, 1960, after notice to the defendants and persons named in the application, Vestecka was appointed receiver of the assets of Tad's Enterprises, Inc., and Drive-In Realty Company.

On or about June 17, 1960, a claim was filed on behalf of Earle M. Burnett, Sr., against the receiver in which he asserted entire right, title, and interest to each and every promissory note in the possession of the receiver under the names of Burnett's Home Trailer Sales, Tad's Home Trailer Sales, Tad's Trailer Sales, Earle M. Burnett, Sr., Earle M. Burnett, Jr., and Drive-In Realty Company that were executed by various individuals, companies, partnerships, and other entities, and turned over to Tad's Enterprises, Inc., under an alleged agreement of April 24, 1959, by and between Earle M. Burnett, Sr., Earle M. Burnett, Jr., Drive-In Realty Company, parties of the first part; Tad's Enterprises, Inc., party of the second part; and Michigan National Bank, a corporation, party of the third part. No formal response to this claim appears in the transcript. The transcript contains no record of the filing of other claims.

On October 19, 1960, L. R. Ricketts was appointed "Special Master for trial of the various issues in this cause in this proceedings * * *." He was designated special master but he was within the meaning of the statute a referee. See §§ 25-1129 to 25-1137, R. R. S. 1943.

It is pointed out here that the question of the validity of appellant's claim is the only issue which is presented by this appeal. The special master was by the terms of his appointment purportedly granted the power to and did perform other functions not pertinent to any pleadings appearing in the transcript, on which matters he made findings and recommended adjudications.

It shall be understood however that the disposition herein shall not be regarded as an adjudication of or determination upon any rights of or interests in prop-

erty except those which flow from the claim of the appellant.

The matter submitted came on for hearing before the special master on December 19, 1960. Hearing was had and evidence was taken, and on February 24, 1961, he made his report in which he prayed that judgment be rendered on his findings.

To the extent necessary to state here, it was found that on or about April 24, 1959, Earle M. Burnett, Sr., Earle M. Burnett, Jr., and Drive-In Realty Company were doing business under various names of Burnett's Home Trailer Sales, Tad's Home Trailer Sales, and Tad's Trailer Sales, and on that date Earle M. Burnett, Sr., Earle M. Burnett, Jr., and Drive-In Realty Company, for a valuable consideration, assigned, transferred, and set over unto Tad's Enterprises, Inc., all property, both real and personal, of every kind and description used in connection with the mobile home business, including all property rights, tangible and intangible, accrued in connection therewith, the purpose of which was to permit Tad's Enterprises, Inc., to collect all of the assets of the Burnetts and Drive-In Realty Company; that on the basis of this the Michigan National Bank, a creditor of the Burnetts and Drive-In Realty Company, agreed to hold harmless the Burnetts and Drive-In Realty Company from any and all obligations due it which had been incurred by them; that about September 1959, Earle M. Burnett, Jr., as president of Tad's Enterprises, Inc., assigned the assets of Tad's Enterprises, Inc., to trustees for the purposes of collection; and that on or about February 1, 1960, on the application of the plaintiff herein, the court appointed a receiver to take charge of the assets of Tad's Enterprises, Inc.

The report finds that "all parties including creditors are before the court and the court has jurisdiction to determine all issues raised by the pleadings and the reports filed herein."

The findings of the report show also that the special

master proceeded to try and to determine matters and rights, both personal and real, which if the transcript is to be regarded as complete, of parties who are in no sense parties to this action.

Objections were filed to the report by Earle M. Burnett, Sr., and Earle M. Burnett, Jr., on March 17, 1961.

The objections of Burnett, Sr., were overruled and judgment was rendered on March 27, 1961, in all things approving and adopting the report of the special master. Thereafter a motion for new trial was filed by Earle M. Burnett, Sr., and Earle M. Burnett, Jr., which motion was overruled.

The foregoing is a résumé of what is of pertinence which is authentically in the transcript which has come to this court. From this it appears that the petition is the only pleading in the record relating to the cause of action. Issue has never been joined and no trial has been had on the issue tendered by the petition.

The evidence taken by the special master contains the agreement mentioned as having been entered into on April 24, 1959. This was by Earle M. Burnett, Sr., Earle M. Burnett, Jr., and Drive-In Realty Company, parties of the first part; Tad's Enterprises, Inc., party of the second part; and Michigan National Bank, a corporation, party of the third part. Michigan National Bank is not and never has been a party to this action.

It was after this agreement was entered into that the receiver was appointed, and it is obvious from the transcript that the primary purpose of the agreement was to provide a means of satisfying obligations owing by the defendants to the Michigan National Bank and other unnamed parties.

The order of appointment however empowered the receiver only to hold all money received until the further order of the court.

The evidence appears to disclose that the assets to which the agreement had reference came into the hands of the receiver. The gist of the claim of Earle M. Bur-

nett, Sr., was that a large portion of these assets were not transferred by the agreement, but belonged personally to him. A record of these assets is contained in what appears as exhibit No. 6, which is a part of the bill of exceptions.

There was no objection to the appointment of the referee, who is designated as special master, and none to any other procedural step which was taken at the hearing or thereafter with regard to the reference. It becomes clear however from the record that the only controverted question actually submitted to the special master was that of whether the assets described in exhibit No. 6 were the personal property of Earle M. Burnett, Sr., free from any right to possession or control of the receiver, or were assets properly within the receivership.

The parties have not raised the question, but nevertheless a determination of whether or not jurisdiction existed to make the appointment of a receiver is basic and fundamental.

It must be ascertained whether or not the pretended appointment of a receiver was jurisdictionally valid.

The power of appointment of receivers is found in section 25-1081, R. R. S. 1943. Section 25-1082, R. R. S. 1943, contains conditions precedent to a valid appointment. Conditions of consequence here are that a suit must be actually commenced and appointment shall not be made until after at least 5 days' notice to all parties to be affected thereby.

The record makes it obvious there was no compliance with this provision as to notice. Only the parties to the action and the trustees were notified, whereas numerous other parties were not. A specific one was Michigan National Bank.

Of primary significance within the meaning of the statute, there was no action pending which would extend to the court jurisdiction to appoint a receiver.

In Vila v. Grand Island E. L., I. & C. S. Co., 68 Neb.

222, 94 N. W. 136, 110 Am. S. R. 400, 63 L. R. A. 791, a case in certain respects comparable to this one, this court said that the filing of a petition in and of itself furnished no grounds for the appointment of a receiver. By quotation therein from State ex rel. Merriam v. Ross, 122 Mo. 435, 25 S. W. 947, 23 L. R. A. 534, this court said: " 'The filing of that petition no more instituted an actual controversy between contending suitors in court, than would the filing of a copy of the Lord's Prayer. It laid no foundation whatever for the exercise of the jurisdiction of the court to appoint a receiver, unless some ground for the exercise of that jurisdiction can be found other than an actual, pending controversy in the court which undertook its exercise.' "

This proposition was sustained in Furrer v. Nebraska Building & Investment Co., 108 Neb. 698, 189 N. W. 359, 43 A. L. R. 225. In the opinion in the case with reference to the notice required by statute, it was said: "This being the requirement of the statute, the question is, has the court complied with its provisions. If it has not complied with the same, then all he has done in this matter is a nullity. It is incumbent upon the trial judge to comply with the statutes absolutely in the appointment of a receiver."

In Murphy v. Fidelity Mutual Fire Ins. Co., 69 Neb. 489, 95 N. W. 1022, language appears which indicates that the appointment of a receiver in a law action on the application of a simple contract creditor who has not reduced his claim to judgment is voidable and not void. We do not deem this a correct statement of the law. The rule is: A receiver may not be appointed in an action at law for the recovery of money only, such as an action at law on a simple contract. 75 C. J. S., Receivers, § 7, p. 666. The general rule is more specifically stated in 75 C. J. S., Receivers, § 11 b, p. 672, as follows: "Unless the case is within a statute providing for the appointment of a receiver on his application, a general or simple contract creditor who has not reduced his

claim to judgment, who has no right or interest in, or lien on, the property of the debtor, and whose interest or position does not differ from that of any other ordinary creditor, has no standing to obtain the appointment of a receiver of such property; but a receiver may be appointed at the instance of a creditor where he has a lien, or he has a claim of an equitable nature against, and a right to ask payment out of, a fund in the hands of defendant." See, also, Fleet v. Hooker, 178 Okl. 640, 63 P. 2d 988, 109 A. L. R. 272, and the annotations to the A. L. R. citation.

We conclude that the appointment of a receiver in a law action at the instance of a general or simple contract creditor who has not reduced his claim to judgment is void and not voidable, and that the opinion in Murphy v. Fidelity Mutual Fire Ins. Co., supra, should be overruled to the extent it conflicts herewith.

It must be said that on the record before this court the appointment of the receiver was without jurisdiction and accordingly a nullity.

The judgment of the district court is reversed; all of the proceedings of the case, except the plaintiff's petition, are rendered for naught; and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

SIMMONS, C. J., participating on briefs.

BOSLAUGH, J., dissenting.

I do not concur in the majority opinion in this case which holds that all of the proceedings in the district court that occurred after the filing of the petition are void.

The court does not decide the sole issue presented by the appeal, the ownership of certain promissory notes, but, instead, decides the case upon the basis of an error not assigned. In so doing, the court ignores the fact that the appeal is a direct attack and it is unnecessary to the decision of the case to overrule Murphy v. Fidelity Mutual Fire Ins. Co., 69 Neb. 489, 95 N. W. 1022, or

to do more than hold that the appointment of the receiver was erroneous.

The parties who were directly interested in the determination of the ownership of the promissory notes were before the court, had notice of the hearing on the application for the appointment of the receiver, and have never made any objection to the appointment of the receiver. Since the appointment of a receiver is an ancillary remedy available only where an action is pending in which some other relief is sought, it is difficult to understand how the appointment of a receiver, even if void, would destroy the jurisdiction of the court over the subject matter and the parties as to relief granted independent of the acts of the receiver. In other words, if the district court in this case held that the receiver was entitled to the possession of the promissory notes because one of the corporate defendants instead of Earle M. Burnett, Sr., was the owner of the notes, then the determination of ownership as between the corporate defendant and Burnett should not be affected by the validity of the appointment of the receiver.

The majority opinion refers to section 25-1081, R. R. S. 1943, but does not discuss the language of the statute. I would hold that subdivision (1) of the statute authorizes the appointment of a receiver on the application of any party to the suit when property or a fund is in danger of being lost, removed, or materially injured and the action is by a vendor to vacate a fraudulent purchase of property, or *by a creditor to subject any property or fund to his claim,* or between partners or others jointly owning or interested in the property or fund. I would hold that the appointment of a receiver in this case was authorized by the statute and that no objection to the appointment of the receiver could be raised by any of the parties to the action in this court at this time.